## Hamsher Motor Vehicle Operator License Case.

Argued September 18, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*George C. Eppinger,* for appellee.

OPINION BY WOODSIDE, J., November 16, 1961:

This appeal by the Commonwealth is from a decision of the Court of Common Pleas of Franklin County reversing an order of the Secretary of Revenue that suspended appellee's license for one year.

The appellee, Ruby G. Hamsher, pleaded guilty in the Court of Quarter Sessions of Franklin County to the charge of operating a motor vehicle after her license had been suspended. This offense is a violation of §624(6) of The Vehicle Code of April 29, 1959, P. L. 58, 75 P.S. §624(6), and it is specified as a misdemeanor.

Upon receiving a certification of this conviction, the Secretary of Revenue suspended Mrs. Hamsher's license under §618(a)(2), of The Vehicle Code, supra, 75 P.S. §618(a)(2), which provides: "(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, . . . or whenever the secretary finds upon sufficient evidence:

. . .

"(2)   That such person has been convicted of a misdemeanor, or has forfeited bail upon such a charge, in the commission of which a motor vehicle or tractor was used."

Mrs. Hamsher argues that for the conviction here involved the secretary could proceed only under §618-(b)(2).   This section provides: "(b) The secretary may suspend the operator's license . . . of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:

. . .

"(2)   That such person has committed any violation of the laws of this Commonwealth relating to vehicles or tractors;"

The secretary received notice of the licensee's conviction of a misdemeanor which by its very nature involved the use of a motor vehicle, and we can see no reason why the secretary could not proceed under §618(a)(2), supra.

The secretary notified Mrs. Hamsher of her suspension, but he did not hold a hearing or notify her of her right to a hearing.   The court below reversed the order of the secretary on the basis that §618(h) of The Vehicle Code, supra, 75 P.S. §618(h), requires the secretary to give notice to an operator of his right to a hearing after his license has been suspended.

In this case there is no dispute as to appellee's conviction of operating a vehicle while her license was suspended. She pleaded guilty to the charge in the Court of Quarter Sessions of Franklin County and paid a fine of $100.

Section 618(h) provides in part: "Whenever the secretary suspends the operator's license . . . of any person, the secretary shall immediately notify such person and afford him an opportunity of a hearing before said secretary or his representative, provided such hearing has not already been held, . . ."

The court below held that under the above provision the secretary is under a duty to notify the operator of his right to a hearing. It also held that the Commonwealth's failure to notify Mrs. Hamsher was not rectified by the hearing de novo.

We do not agree with this construction. An operator, whose license is suspended under §618(a)(2), supra, without a hearing, is entitled under §618(h), supra, to a prompt hearing upon request to the secretary, but the statute requires only notice of the suspension and not notice of the right to a hearing. As a matter of courtesy, it might be well for the secretary to include in the notice of suspension advice concerning the right to a hearing, but there is no more legal requirement that he do so than there is for him to notify a licensee of a right to appeal.

The licensee is presumed to know the law relating to her right of a hearing. By failing to ask for a hearing she waived her right to it. Even in cases involving criminal procedure and property rights, notice of the right to a hearing is not generally required. Here, we are concerned with a privilege where the constitutional requirements of due process are far less stringent.

Furthermore, even if the secretary would be required to notify the operator of her right to a hearing, under principles generally applied to the waiver of pro-

cedural defects, the error would be corrected by the taking of the appeal followed by the hearing de novo.

Order of the court below is reversed, and the order of suspension imposed by the Secretary of Revenue is reinstated. A reinstated suspension shall be issued within thirty days.

WRIGHT, J., would affirm upon the opinion of President Judge DEPUY for the court below.