**Amsley License**

*Edwin M. Blumenthal,* for appellant.

*John H. Broujos,* for Commonwealth.

SHUGHART, P. J., February 26, 1962.—The operator's privileges of Ronald L. Amsley, the above appellant, were suspended for a period of one year from January 9, 1962, by the Secretary of Revenue. The notice of suspension stated that it was pursuant to section 618 (a) (2) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §618, because the operator had committed a "misdemeanor in connection with the use of a motor vehicle". An appeal from the suspension was allowed and a hearing thereon was held February 20, 1962.

At the hearing, evidence was offered to show that appellant had entered a plea of guilty to a charge of contributing to the delinquency of a minor in the Quarter Sessions Court of this county, entered to no. 207 September sessions, 1961. On October 31, 1961, sentence was suspended generally on condition that defendant pay the costs of prosecution and the sum of $100 to the use of the County of Cumberland. Pursuant to an undated request in a form letter from the Depart-

ment of Revenue, the Clerk of Courts of Cumberland County certified an abstract of the court record of the above charge to the Secretary of Revenue under date of December 22, 1961. Based on this record and without a hearing the secretary suspended appellant's license.

The appellant contends that the secretary had no right to suspend his operator's privileges without a hearing principally because from the record certified to the secretary by the clerk of the courts there was no indication that a motor vehicle had been involved in the commission of the misdemeanor. In Hamsher Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 336, the court held in a case involving a suspension under section 618(a) (2) that the secretary not only had the right to suspend without hearing, but, further, was not required to advise the operator that he was entitled to a prompt hearing by requesting the same of the secretary. The Hamsher case, however, involved a charge of operating a motor vehicle after the suspension of a license, which offense could not be committed except by the use of a motor vehicle. It is apparent that one could be guilty of contributing to the delinquency of a minor by acts that in no way involved the use of a motor vehicle. We do not know, however, what other evidence, if any, the secretary had upon which to predicate a finding that a motor vehicle was used in the commission of the offense because his record is not before us.

We are not concerned, however, with the evidence upon which the secretary suspended appellant's license. All of the cases hold that an appeal to the court of common pleas is not for the purpose of reviewing the evidence taken before the secretary and his action thereon, but to hear evidence and determine within the discretion of the court and in the furtherance of justice whether the license should be suspended: Com-

monwealth v. Herzog, 359 Pa. 641. In the hearing de novo, neither the action of the secretary nor the testimony before him is properly a part of the record in the court of common pleas: Commonwealth v. Cronin, 336 Pa. 469; Commonwealth v. Emerick, 373 Pa. 388, 395; Handwerk Automobile License Case, 348 Pa. 263, 265. In the Hamsher case, supra, the court said at page 339:

"Furthermore, even if the secretary would be required to notify the operator of her right to a hearing, under principles generally applied to the waiver of procedural defects, the error would be corrected by the taking of the appeal followed by the hearing de novo."

In this case, the question before the court is not whether there was sufficient evidence before the secretary to warrant him in suspending appellant's license, but rather whether the evidence adduced at the hearing before the court justifies such action.

The indictment, to which appellant entered a plea of guilty, charged him with having sexual intercourse with a female child 13 years of age. Defendant was over the age of 18 at the time. At the hearing, the state police officer, who was the prosecutor in the criminal charge, testified that on the night of the offense, stated in the indictment to be August 16, 1961, defendant and the "victim" rode in an automobile operated by another person to two remote and secluded places in the county where acts of intercourse occurred. Later appellant obtained his own car and with the "victim" as a passenger proceeded in the direction of her home. Instead of going to her home, however, they proceeded to a point some two miles beyond Carlisle, where she lived, and parked in a cemetery where another act of intercourse occurred. Thereafter, Amsley took her home.

Section 618(a) provides as follows:

"The secretary may suspend the operating privileges of any person, with or without a hearing before the

secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence: . . . (2) That such person has been convicted of a misdemeanor, or has forfeited bail upon such a charge, in the commission of which a motor vehicle or tractor was used. . . ."

Counsel for appellant contends that in order to sustain a suspension under this provision, the misdemeanor must have some reasonable relation to the operation of the motor vehicle and the use of the machine must contribute in some reasonable degree to the commission of the misdemeanor. We are not in accord with this view.

Motor vehicles make a most important contribution to the economy of this nation and this Commonwealth when they are properly and lawfully employed. On the contrary, the unlawful use of vehicles or the use of them for an unlawful purpose not only creates serious road hazards for those properly on the highway, but, further, impedes and interferes with the efforts of those who are charged with law enforcement. The mobility afforded by motor vehicles assists criminals in moving to the scene of their nefarious acts and also in afterward escaping apprehension by the arms of the law. It was apparently with this knowledge in mind that the legislature provided that one who engages in unlawful conducts which involves the operation of a motor vehicle shall forfeit his operator's privileges.

Section 616 of the Act of April 29, 1959, P. L. 58, 75 PS §616, provides for the revocation of operating privileges in a number of instances. One of the enumerated reasons for revocation is where the person is found guilty of a crime punishable as a felony "in the commission of which a motor vehicles or tractor is used". If sections 616 and 618 of the statute were

construed as narrowly as contended by appellant, it is difficult to conceive of any situations that would justify suspensions or revocations pursuant thereto. The quoted sections do not apply to offenses in violation of The Vehicle Code for these offenses are otherwise provided for in the sections relating to suspensions. Motor vehicles have been employed in the commission of murder when used to directly strike the victim or pass over him and conceivably as an instrument to commit malicious destruction of property. The use of vehicles in the commission of crimes, however, other than those under The Vehicle Code, is largely restricted to their use as a conveyance to the scene of the crime, to carry contraband or as a means of fleeing the scene. We believe that it was the intention of the legislature to include these uses among those which justify suspension or revocation.

In the present case, defendant used a vehicle to transport the other party involved in the offense to the scene, committed the crime in it and used it to return the "victim" to her home. The use of the vehicle here was as much a part of the crime as one employed to carry away the victim of a kidnapping. We conclude that this was a use of the motor vehicle in the commission of a misdemeanor as contemplated by the statute and the suspension is therefore proper. We are supported in our view by two unreported cases, one in which a motor vehicle was used in the charges of contributing to the delinquency of a minor female and pandering and fornication (Commonwealth v. James Albert Guisbert, no. 592, September term, 1961, Common Pleas Court of Northumberland County, Pennsylvania) and the other in which the charges were furnishing intoxicating liquors to minors and showing obscene photographs to a minor (Liska License, 27 D. & C. 2d 208) and also by the case of Malloy License, 81 D. & C. 422.

*Order of Court*

And now, February 26, 1962, for the reasons given, the appeal of Ronald L. Amsley is dismissed, and the order of the Secretary of Revenue suspending appellant's operator's license for a period of one year is affirmed. Costs to be paid by appellant.