## Commonwealth of Pennsylvania *v.* Elizabeth J. Miranov.

Argued April 19, 1971, before Judges WILKINSON, JR., MANDERINO and ROGERS, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Jerrold D. Harris,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance entered for appellee.

OPINION BY JUDGE WILKINSON, June 2, 1971:

This appeal is brought before the Court by the Bureau of Traffic Safety of the Commonwealth on behalf of the Secretary of Transportation. Appellant seeks the reversal of a lower court order which revoked the suspension of appellee's motor vehicle operator's license. We sustain the appeal and reverse the order of the lower court.

On April 3, 1970, appellee was travelling on interstate highway 79, a limited access highway with a speed limit of 65 miles per hour. She was observed by a state trooper in a radar-equipped car as travelling 84 miles per hour. The trooper was using radar which had been tested the day before and which was found to be working properly. Appellee was apprehended by a second state trooper who was working in a team with the first trooper. He informed her of the violation and wrote a citation for speeding, as a result of which her license was suspended under section 618(b)(2) of the Vehicle Code. Act of April 29, 1959, P. L. 58, as amended, §618(b)(2), 75 P.S. 618(b)(2). Appellee

requested a hearing. The court below sustained appellee's appeal on the basis of her belief that she was not speeding and of her prior violation-free record. The Commonwealth appealed from this order.

In its opinion, the lower court said that its order revoking the suspension "is based upon our close observation of the attitude and demeanor of the Appellant [herein the appellee] in giving her testimony, and to the total absence of any conflict by her as a driver with the law heretofore." (Record, p. 20a.) However, the preponderance of the evidence in the record shows clearly that the state troopers observed appellee travelling at 84 miles per hour and that the radar substantiated this observation; furthermore, appellee rebuts their testimony only with the statement that *"The last time* I checked my speedometer, it was going at 65, which was right after I passed the last sign." (Record, p. 15a, emphasis added.) According to testimony of one of the state troopers, the last sign was approximately nine-tenths of a mile behind his parked radar car. Appellee's speed could have increased substantially before she passed through the radar beam, especially in view of the fact that she was driving a car which she did not own and with which she was not familiar. According to testimony of the apprehending officer, appellee "said she knew she was going over the speed limit, but she didn't think she was going that fast". (Record, p. 12a.)

In case law (*see e.g., Commonwealth v. Moogerman,* 385 Pa. 256, 122 A. 2d 804 (1956)) and in statutory law (Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, §618(b)(2), 75 P.S. 618(b)(2)), this Court has ample authority on which to base its opinion that the suspension of appellee's license was justified and that the appeal of the Bureau of Traffic Safety should be affirmed.

Therefore, the order of the court below is reversed, and the order of suspension imposed by the Secretary of Transportation is reinstated. A reinstated suspension shall be issued within thirty days.