Department of Transportation v. Pendal.

Argued November 10, 1971, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*David A. Johnston, Jr.,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Anthony J. Ciotola,* with him *Louis G. Feldmann, Feldmann and Ciotola,* for appellee.

OPINION BY JUDGE ROGERS, December 22, 1971:

Police officers of the City of Hazleton observed and pursued a motor vehicle being operated within the City in a manner which they believed to be reckless. In the course of the pursuit, the lights of the fugitive vehicle were turned off. The vehicle was, nevertheless, overtaken by the police officers and the operator, the appellee here, was arrested and charged with reckless driving in violation of Section 1001 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1001, a summary offense, and also with the misdemeanor of turning off the lights on a motor vehicle for the purpose of avoiding identification or arrest, a violation of Section 1038 of The Vehicle Code, 75 P.S. §1038. The appellee pleaded guilty to both offenses.

Upon receiving a record of the proceedings in which the appellee pleaded guilty to the misdemeanor above mentioned, the Secretary of the Department of Transportation suspended appellee's operating privilege for a period of one year. This action was taken pursuant to Section 618(a)(2), which is as follows:

"(a) The Secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

. . . .

"(2) That such person has been convicted of a misdemeanor, or has forfeited bail upon such a charge, in the commission of which a motor vehicle or tractor was used."

The court below concluded from its reading of the statute that the phrase "misdemeanor . . . in the commission of which a motor vehicle . . . was used" was not intended to include conduct proscribed and denominated a misdemeanor by The Vehicle Code. We cannot agree. In *Hamsher Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 336, 175 A. 2d 303 (1961) and *Greer Motor Vehicle Operator License Case,* 215 Pa. Superior Ct. 66, 257 A. 2d 317 (1969), the Superior Court held that the Secretary may properly suspend the privileges of an operator pursuant to Section 618 (a)(2) upon receiving a record of proceedings in which the operator pleaded guilty to the misdemeanor of operating a vehicle after suspension of his operating privilege in violation of Section 624(6) of The Vehicle Code. In *Commonwealth v. Thompson,* 211 Pa. Superior Ct. 777, 237 A. 2d 844 (1967), the Superior Court affirmed per curiam an order of the Court of Common Pleas of Philadelphia County dismissing the appeal of an operator whose license had been suspended as the result of his plea of guilty to the same misdemeanor to which the appellee here pleaded guilty. We have been provided with the opinion and order of Judge GOLD for the Court of Common Pleas in that case, and while the legal defense here raised was apparently not argued in the

Philadelphia Common Pleas Court, the *result* in the *Thompson* case is authority for our holding here.

The appellee also contends that the Secretary committed an abuse of discretion in invoking Section 618 (a)(2) and suspending appellee's privilege without a hearing rather than proceeding under Section 618(b) (2) reading as follows:

"(b)   The Secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:

. . . .

"(2)   That such person has committed any violation of the laws of this Commonwealth relating to vehicles or tractors." This argument was made and summarily rejected in *Hamsher Motor Vehicle Operator's License Case, supra.*   There Judge Jacobs said, "The secretary received notice of the licensee's conviction of a misdemeanor which by its very nature involved the use of a motor vehicle, and we can see no reason why the secretary could not proceed under Section 618(a) (2), *supra.*" 196 Pa. Superior Court at 338, 175 A. 2d at 304.

The appellee directs our attention to a schedule adopted by the Secretary which states that the penalties will be imposed for Section 618(a)(2) offenses at the discretion of the Secretary.  Therefore, he argues, it was an abuse of discretion to impose upon him a one year's suspension without a hearing because discretion can only properly be exercised upon facts developed at a hearing.  This, of course, is essentially the same argument rejected by the Superior Court in *Hamsher Motor Vehicle Operator's License Case, supra.*  It is, however, further answered by the fact that the Secretary's schedule further provides for a one year's suspension for a violation of Section 1038, the offense to which appellee here pleaded guilty.  Appellee's complaint loses its force

when we observe that the penalty imposed is exactly that contained in the Secretary's schedule. The promulgation of such schedules have been held to be a proper exercise of discretion as preventing favoritism. *Stout Motor Vehicle Operator License Case,* 199 Pa. Superior Ct. 182, 184 A. 2d 108 (1962). Furthermore, if the appellee had desired a hearing before the Secretary he could have had one under Section 618(h). He chose instead his right to a hearing in the Court of Common Pleas possibly because this effected a supersedeas of the Secretary's order.

A review of this record reveals no facts which would recommend a deviation from the schedule as were present in the case in *Commonwealth v. Drummond,* 88 Dauphin 335, quoted from, but not referred to by name or location in the appellee's brief.

#### ORDER

The order of the Court of Common Pleas of Carbon County is reversed, and the order of the Secretary of the Department of Transportation is reinstated. Reinstated suspension shall be issued within thirty days.