## Department of Transportation *v.* Jakiel.

Argued November 10, 1971, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*David A. Johnston, Jr.,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, January 5, 1972:

On July 10, 1970, on Interstate 79 in Lancaster Township, Butler County, Kandace Alice Jakiel (appellee) was apprehended by a State Trooper using radar for operating her 1966 Impala Chevrolet at a rate of eighty-eight miles per hour in a sixty-five mile per hour speed zone established by the Secretary of Revenue (now Secretary of Transportation) under Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8). An information was filed by the officer before a magistrate, and appellee paid the fine and costs on July 20, 1970. Having received a report of this conviction, the Secretary conducted a departmental hearing on December 23, 1970, at which appellee appeared and testified. On February 11, 1971, a license suspension notice was sent to appellee informing her that under Section 618(b) (2), 75 P.S. §618(b)(2), her license was suspended for three months, effective February 22, 1971, for speeding in violation of Section 1002(b)(8). On March 29, 1971, after granting a supersedeas on February 19, 1971 (appellee's license was restored February 24, 1971), the Court of Common Pleas of Allegheny Coun-

ty, Civil Division, sustained appellee's appeal, thus reversing the Secretary's suspension. The Commonwealth has appealed to this court.

Although the court below improperly failed to make findings of fact, it explained its action in the order sustaining the appeal: "Defendant testified she was not operating her vehicle at 88 miles per hour. In extenuation, traffic was light, weather and visibility was good, no danger was testified to. The defendant is 19 years of age, had no prior violations, and must use her vehicle to travel to and from work, a total of 34 miles per day. The Secretary imposed a suspension of 90 days under §618(b)(2) of the Vehicle Code when a 30-day suspension would have been imposed under §619. Upon consideration of all the evidence, the Secretary imposed an excessive penalty. This Court cannot reduce the penalty."

These facts which influenced the court below do not furnish a basis for charging the Secretary with an abuse of discretion. It has been repeatedly held that economic hardship is an insufficient reason to excuse a speeding violation, and that an operator's license may be suspended on the basis of unlawful speed alone. *See Commonwealth v. McCartney,* 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971), and *Commonwealth v. Pison,* 2 Pa. Commonwealth Ct. 522, 279 A. 2d 84 (1971). Economic hardship which exists in so many of these cases arouses our sympathy, but it has no relevancy because of settled law.

The fact that appellee testified that she was unaware of her speed also offers no excuse. *See Commonwealth v. Miranov,* 2 Pa. Commonwealth Ct. 219, 278 A. 2d 365 (1971). As the Commonwealth's brief points out, "The fact that Miss Jakiel was unaware of her speed is hardly a justification, for then all could speed merely by not looking at their speedometer."

As for the apparent conflict between Sections 618 (b)(2) and 619.1(b), 75 P.S. §619.1(b), we state here, as our brother Judge WILKINSON did recently in *Commonwealth v. Vekovius*, 2 Pa. Commonwealth Ct. 226, 228, 278 A. 2d 371, 372 (1971), "Instead, we believe the court made an error of law, albeit a rather technical one." The misunderstanding arose because this speeding violation occurred on a highway posted with a speed limit established under the "catch-all" subsection (b)(8) of Section 1002 which permits the Secretary to "establish any speed limit on State highways where traffic conditions or other conditions of the highway make it safe to operate motor vehicles at the speeds other than as provided by this act." The technical error here, as in *Vekovius*, is that Section 1002 (b)(8), because of purposeful legislative omission, is not mentioned (as it would have to be) in Section 619.1(b), so the latter section does not apply, and the more general Section 618(b)(2) is then applicable after a departmental hearing concerning the matter. *See Moffa Motor Vehicle Operator License Case*, 214 Pa. Superior Ct. 278, 257 A. 2d 615 (1969), and *Kerr Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 406, 249 A. 2d 787 (1968).

The pivotal point, of course, is under which subsection of Section 1002 the speed limit has been established. A careful reading of that section reveals that here the sixty-five mile per hour speed limit was indeed established under Section 1002(b)(8), and a departmental hearing was held. Therefore, in such circumstances, it is not an abuse of discretion by the Secretary to suspend an operator's license by applying Section 618(b)(2).

For these reasons, the order of the court below is reversed, and the order of the Secretary of Transportation is reinstated. A reinstated suspension of ninety days shall be issued within thirty days.