## Department of Transportation *v.* Lovelace.

Argued November 10, 1971, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*David A. Johnston, Jr.,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, January 5, 1972:

On June 10, 1970, on Route 22, Monroeville, Allegheny County, Raymond C. Lovelace (appellee) was apprehended by a police officer for operating his automobile at a rate of seventy miles per hour in a forty-five mile per hour speed zone established by the Secretary of Transportation under Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8). An information was filed by the officer before a magistrate, and appellee paid the fine and costs. Having received a report of this conviction, the Secretary of Transportation conducted a departmental hearing on December 15, 1970, at which appellee appeared and testified. On February 9, 1971, a license suspension notice was sent to appellee informing him that under Section 618(b)(2), 75 P.S. §618(b)(2), his license was suspended for three months, effective February 19, 1971, for speeding in violation of Section 1002(b)(8). On March 29, 1971, the Court of Common Pleas of Allegheny County, Civil Division, sustained appellee's appeal, thus reversing the Secretary's suspension.

The court below improperly failed to make findings of fact, but we note from a reading of the record that the court somewhat misunderstood the facts of the case. In its short opinion filed pursuant to our Rule No. 23, it stated: "The defendant testified at the hearing that while he was traveling on Interstate Highway 76, which had a posted speed limit of sixty (60) miles per hour, he had to accelerate to pass an auto which pulled into

his lane of traffic. Defendant was then in a position where he had to pass a line of traffic so he could make a turn off from the Interstate to a highway having a posted forty-five (45) miles per hour speed limit. The ninety (90) days suspension imposed on the defendant by the Secretary under Section 618(b)(2) of The Vehicle Code is three times longer than the suspension provided for by Section 619.1(b) for the same offense: driving 21 to 29 miles an hour over the speed limit. * * * The court considered the extenuating circumstances of the emergency which necessitated the defendant's speeding while leaving Interstate 76 to a highway posted at forty-five (45) miles per hour where the violation occurred. The court also considered the duration of the suspension imposed compared to that provided for under Section 619 of The Vehicle Code. In these circumstances the suspension imposed was excessive." Appellee, however, answered the following questions at the hearing before the court below in this manner: "Q. Would you relate what happened as you proceeded onto 22 from the Parkway? A. I was coming down in the right-hand lane and there is a Gulf Service Station about the middle of the hill going down. A car pulled out in front of me. I signalled into the left-hand lane rather than try to brake and stop at that point. I went over into the left-hand lane, continued on down the foot of the hill. There was a line of cars and a tractor-trailer right beside me and, of course, it was dark. I could see a flashing of a left-hand turn signal down near the 286 cutoff. * * * I was not really paying any attention to the speed. I was going to try to get around traffic and get in because I cut off on 286. * * * Q. You had to complete passing this line of cars in order to pull over to avoid the car turning left which you did? A. Yes."

In any event, the arresting police officer, who was traveling on Route 22, saw appellee speed down the

Interstate 76 extension and merge onto Route 22 ahead of him. He followed appellee for one-half mile and timed his speed at seventy miles per hour. There were no intervening cars between appellee and the officer, and the police car's speedometer had been checked for accuracy within thirty days of the violation (and a certificate verifying this was offered as evidence) as set forth in Section 1002(d), 75 P.S. §1002(d), of the Code.

As in so many of these cases, economic hardship, or at least considerable inconvenience, will befall appellee if the Secretary's suspension is upheld. This is not relevant, however, and an operator's license may be suspended on the basis of unlawful speed alone. Further, it is no abuse of discretion by the Secretary to apply Section 618(b)(2) here, instead of Section 619.1(b), 75 P.S. §619.1(b), because it is clear from the record that the forty-five mile per hour speed limit on Route 22 was established under Section 1002(b)(8) of the Code. *See Department of Transportation v. Jakiel,* 4 Pa. Commonwealth Ct. 80, 286 A. 2d 28 (1972), filed this day, and *Commonwealth v. Vekovius,* 2 Pa. Commonwealth Ct. 226, 278 A. 2d 371 (1971).

The order of the court below is reversed, and the order of the Secretary of Transportation is reinstated. A reinstated suspension of ninety days shall be issued within thirty days.