## Commonwealth *v.* Trimble.

444

Argued December 8, 1972, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Justin K. McCarthy,* for appellant.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 2, 1973:
In this non-point system case, appellant challenges the constitutionality of Section 618 of the The Vehicle

Code[1] alleging that this section violates due process because it authorizes the suspension of a license with or without a departmental hearing. Appellant also contends that the misdemeanor involved in this factual setting is not one which warrants suspension and that the Secretary of Transportation abused his discretion in suspending appellant's operating privileges under all the facts and circumstances.

The undisputed facts are that appellant, a truck driver who had been licensed in Pennsylvania for over thirty years, was arrested in April of 1970 and charged with a violation of Section 601 of The Vehicle Code, 75 P.S. §601 (operating a motor vehicle without an operator's license). He pleaded guilty to the charge and paid a fine and costs. He was again arrested and charged with the same violation in November of 1970 and again pleaded guilty. As a second offense, this violation was a misdemeanor under §601(a) of The Vehicle Code as it was then in force.

On August 26, 1971 appellant was officially notified by the Secretary of Transportation that his operating privileges were suspended for a one year period effective September 10, 1971 under the provisions of §618 (a) (2) of The Vehicle Code, 75 P.S. §618(a) (2), which authorizes the Secretary to suspend operating privileges upon receipt of a record of proceedings in which the operator pleaded guilty to a misdemeanor in the commission of which a motor vehicle was used.

A timely appeal was taken from this action of the Secretary and the appeal acted as a supersedeas of the suspension by order of the court dated September 9, 1971. After a hearing de novo before the Court of Common Pleas of Northampton County, Judge ALFRED WILLIAMS dismissed the appeal. We are of the opinion that the order of the lower court must be affirmed.

---

[1] Act of April 29, 1959, P. L. 58, §618, as amended, 75 P.S. §618.

The same procedure as was used in this case was attacked on constitutional grounds in *Commonwealth v. Grindlinger*, 7 Pa. Commonwealth Ct. 347, 300 A. 2d 95 (Filed: February 1, 1973). There, interpreting *Bell v. Burson*, 402 U.S. 535 (1971), *Jennings v. Mahoney*, 404 U.S. 25 (1971) and *Reese v. Kassab*, 334 F. Supp. 744 (W.D. Pa. 1971), we held that the procedure involved in that case (which is identical to that used in the instant case) was not constitutionally improper because the appellant was afforded a de novo hearing where he could present his case *before* the suspension became effective.[2] We hold that *Grindlinger* controls on this point.

Appellant further contends that a second violation of §601 [75 P.S. §601] which was a misdemeanor under the statute then in force, was not the kind of misdemeanor which would warrant a suspension under §618(a)(2) [75 P.S. §618(a)(2)]. Section 618(a)(2) provides: "(a) The secretary may suspend the operating privileges of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty . . . or whenever the secretary finds upon sufficient evidence:

. . .

"(2) That such person has been convicted of a misdemeanor . . . in the commission of which a motor vehicle or tractor was used."

The Legislature having termed a second violation under §601 a misdemeanor did not specify that this type of misdemeanor was not to be included within the scope of §618. Nor was any exception made in the language of §618 regarding this type of misdemeanor.

---

[2] There, as here, the suspension was stayed pending the outcome of the hearing by the issuance of the supersedeas. Such a procedure was upheld in *Jennings*.

The language under the then applicable statute was clear and unambiguous and is specifically applicable to the instant case.

In *Dept. of Transportation v. Pendal,* 4 Pa. Commonwealth Ct. 71, 284 A. 2d 849 (1971), this Court ordered the reinstatement of a suspension order when the suspension had been imposed because the operator had committed a misdemeanor involving the use of a motor vehicle. Our Court there relied on *Hamsher Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 336, 175 A. 2d 303 (1961), which held that the Secretary may properly suspend the privileges of an operator under §618(a)(2) upon receiving a record of proceedings in which the operator pleaded guilty to the misdemeanor of operating a vehicle after suspension of his operating privilege. Certainly operating a motor vehicle with no license is at least as serious as operating a motor vehicle while a license is under suspension. As stated in *Hamsher, supra,* "The Secretary received notice of the licensee's conviction of a misdemeanor which by its very nature involved the use of a motor vehicle, and we can see no reason why the secretary could not proceed under Section 618(a)(2)." 196 Pa. Superior Ct. at 338, 175 A. 2d at 304. That language applies with equal force in the instant case.

Appellant's final contention is that it was an abuse of discretion to order suspension under the facts of this case. Appellant's argument centers on the fact that appellant is a truck driver, licensed for over thirty years and domestic difficulties interfered with the delivery of his mailed license renewal.

Although there may be severe consequences inherent therein economic hardship or considerable inconvenience befalling a motor vehicle operator whose license has been suspended is irrelevant in an examination of the propriety of the suspension. *Dept. of Transporta-*

*tion v. Lovelace,* 4 Pa. Commonwealth Ct. 92, 285 A. 2d 896 (1972); *Dept. of Transportation v. Jakiel,* 4 Pa. Commonwealth Ct. 80, 286 A. 2d 28 (1972). Moreover, appellant's domestic difficulties cannot shift the burden on motor vehicle operators to ensure that their license applications and renewals are properly prepared and filed with the Department of Transportation. The interruption of domestic tranquility would require a prudent person to make the necessary arrangements to ensure prompt delivery of his mail. This he failed to do, and hence must suffer the loss.

Order affirmed.