## Commonwealth *v.* King.

Argued April 5, 1973, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Stuart A. Liner*, Assistant Attorney General, with him *Anthony J. Maiorana*, Assistant Attorney General, *Jerrold D. Harris*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Israel Packel*, Attorney General, for appellant.

*Elmer F. King, Jr.*, appellee, for himself.

OPINION BY JUDGE BLATT, April 24, 1973:

Elmer F. King, Jr. (King) was convicted of a number of violations of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §101 et seq., accumulated 11 points and had his license suspended by the Secretary of Transportation for a period of 120 days. King appealed to the Court of Common Pleas of Westmoreland County, which appeal acted as a supersedeas. At the de novo hearing before the lower court, the Commonwealth introduced into evidence records of King's convictions and the compilation of points against him. King presented no testimony or evidence of any nature. The lower court sustained the appeal and restored King's operating privileges on the ground that he had not been granted a departmental hearing prior to the suspension of his license.

When an appeal is taken from the suspension of an operator's license for the accumulation of points, the burden is on the Commonwealth to produce records of convictions sufficient to support such suspension. Thereafter the burden shifts to the licensee to prove that he was not so convicted or that the records or point calculations were incorrect. *Commonwealth v. Siedlecki*, 7 Pa. Commonwealth Ct. 130, 300 A. 2d 287 (1973); *Commonwealth v. James*, 6 Pa. Commonwealth Ct. 493, 296 A. 2d 530 (1972). Here, the Commonwealth established a prima facie case and King failed to rebut any element of it.

As to King's contention that he was entitled to a departmental hearing prior to the suspension of his license, we have recently had the opportunity to review this issue. We have held that, at least where a licensee is to receive a de novo hearing and a supersedeas has been granted by the lower court, there is no necessity for a departmental hearing prior to the suspension of the license. *Commonwealth v. Trimble*, 7 Pa. Commonwealth Ct. 443, 300 A. 2d 92 (1973); *Commonwealth v. Grindlinger*, 7 Pa. Commonwealth Ct. 347, 300 A. 2d 95 (1973). These cases are controlling here.

The order of the court below is, therefore, reversed and the order of the Secretary of Transportation suspending the license of Elmer F. King, Jr., is hereby reinstated.