James Forrest Wonderly, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

574

Argued June 8, 1973, before Judges KRAMER, WIL-
KINSON, JR., and BLATT, sitting as a panel of three.

*Robert M. John,* with him *Harry R. Nixon* and
*Schneider, Nixon & John,* for appellant.

*John L. Heaton,* Assistant Attorney General, with
him *Anthony J. Maiorana,* Assistant Attorney General,
*Robert W. Cunliffe,* Deputy Attorney General, and *Is-
rael Packel,* Attorney General, for appellee.

OPINION PER CURIAM, August 16, 1973:

This is an appeal from an order of the Court of
Common Pleas of Montgomery County sustaining a sus-

pension of the motor vehicle operator's license of James F. Wonderly for a period of 135 days. Having reviewed the record, we hereby affirm the lower court's order and adopt the opinion of Judge A. BENJAMIN SCIRICA, as set out below. In addition, we note that our recent decisions in *Commonwealth v. Trimble,* 7 Pa. Commonwealth Ct. 443, 300 A. 2d 92 (1973), and *Commonwealth v. Grindlinger,* 7 Pa. Commonwealth Ct. 347, 300 A. 2d 95 (1973), add further support to this opinion.

"SCIRICA, J.

"This is an Appeal from a license suspension which commenced on September 5, 1972, pursuant to an order of the Secretary of Transportation.

"The following is a chronological order of the violations, additions, additions to and subtractions from the total points which appellant incurred:

| | | |
|---|---|---:|
| 12- 7-67 | Violation of Motor Vehicle Code #1002(b)(6) Operating 70 M.P.H. in 50 M.P.H. zone; | 6 points |
| | For failure to attend driving school as directed | 5 points |
| 7- 9-68 | 75-day suspension (60+15) (Note—1st suspension) | 11 points |
| 9-19-68 | Suspension released and license restored        deduct | 6 points |
| | | 5 points |
| | Credit for 1 year's operation of motor vehicle without violation        deduct | 2 points |
| | | 3 points |

| | | |
|---|---|---|
| 9-11-70 | Violation of Motor Vehicle Code #1002(b)(6) Operating 64 M.P.H. in 55 M.P.H. zone | 3 points |
| | | 6 points |
| 11-19-70 | Violation of Motor Vehicle Code #1028(a) Proceeding through traffic signal | 5 points |
| | | 11 points |
| | 90-day suspension (Note—2nd suspension) | |
| 6-15-71 | Suspension released and license restored          deduct | 6 points |
| | | 5 points |
| 11-15-71 | Violation of Motor Vehicle Code #1002(b)(4) Operating 54 M.P.H. in 35 M.P.H. zone | 6 points |
| | | 11 points |
| 9- 5-72 | 135-day suspension (120+15) (Note—3rd suspension) | |

"Petitioner's first motor vehicle violation under 75 P.S. §1002(b)(6), occurred on December 7, 1967, for which said motor vehicle operator received six (6) points. Mr. Wonderly was thereafter to attend an approved driver improvement school in compliance with the provision of the aforesaid statute. Consequently, because of an accumulation of eleven (11) points, the Petitioner's operator's license was suspended in ac-

cordance with 75 P.S. §619.1(i) for a period of seventy-five (75) days commencing July 9, 1968. On September 19, 1968, this suspension was released and the operator's license was restored; additionally, in accordance with 75 P.S. §619.1(m), six (6) points were deducted from the total of eleven (11).

"For a period of one year thereafter, Mr. Wonderly had no other motor vehicle convictions, and as a consequence, as provided by 75 P.S. §619.1(j), two (2) points were then subtracted from the previously remaining five (5) points.

"The second motor vehicle violation took place on September 11, 1970; once again an infraction of Section 1002(b)(6), supra. However, for this offense, the Petitioner received only three (3) points since his speed exceeded the legal speed limit of nine (9) M.P.H. in lieu of sixteen (16) to twenty (20) M.P.H. (as occurred in the first violation noted above). For a second time, then, there was an accumulation of six (6) points.

"The third violation, an infraction of 75 P.S. §1028 (a), of the Vehicle Code happened on November 18, 1970. Five (5) points were then added on to the prior six (6) points, thereby giving the Petitioner a total of eleven (11) points again. Hence, a 90-day suspension, in accordance with 75 P.S. §619.1(k), was enforced. On June 15, 1971, Mr. Wonderly's operator's license was again restored and six (6) points were deducted.

"On December 15, 1971, a fourth motor vehicle violation, a transgression from 75 P.S. §1002(b)(4), transpired and six (6) points were attached to the previously remaining five (5) points.

"Mr. Wonderly's operator's license was then restored on Supersedeas to this Court, and on the 28th day of November, 1972, after hearing, his appeal was dis-

missed. Thereafter, a Petition for Supersedeas to the Commonwealth Court was granted on December 1, 1972, hence, this Opinion.

## "Discussion

"The appellant advanced three reasons for the Appeal:

"1. The 'Point System' enacts a gross injustice, i.e., the Secretary of Transportation abused his discretion;

"2. Mr. Wonderly is the victim of economic hardships; and

"3. Due Process is lacking since the Petitioner did not have a 'hearing' before the Secretary or his representative.

"Did the Secretary of Transportation abuse his discretion? In reviewing the Secretary's suspension order, the Court does not have the authority to alter a suspension, but it does possess the power to determine whether or not, after taking testimony and examining the facts, Mr. Wonderly was subject to suspension of his operator's license. Com. v. Garman, 361 Pa. 643 (1949) ; Com. v. Massey, 3 Com. Ct. 304, 306 (1971) ; 75 P.S. §620.

"The Motor Vehicle Code, §619.1 (75 P.S. §619.1 (k)) provides: 'Whenever an operator's license . . . is suspended pursuant to the provisions of this section, unless otherwise provided, the first such suspension shall be for sixty (60) days; the second . . . for . . . ninety (90) days; and any subsequent suspension shall be for such period of time as the secretary may, in his discretion, deem proper, such period to be not less than one hundred twenty (120) days, nor more than one (1) year.'

"The first suspension was for sixty (60) days, plus a 15-day suspension for operating his motor vehicle 16-20 M.P.H. over the speed limit.

"The second suspension was for ninety (90) days.

"The third suspension was for one hundred twenty (120) days, plus a 15-day suspension for operating his motor vehicle 16-20 M.P.H. over the speed limit.

"The Secretary's orders of suspension of the Petitioner's motor vehicle operator's license were well within the letter of the law endorsed by the above cited statutory provision. The promulgation of such schedules have been held to be a proper exercise of discretion as preventing favoritism. Stout Motor Vehicle Operator License Case, 199 Pa. Super. 182 (1962).

" 'Unless a licensed motor vehicle operator falls within an exception particularly described in The Vehicle Code, Act 1959, April 29, P. L. 58, his license is subject to suspension . . . under the point system therein established. . . .' Com. v. Woods, 6 Com. Ct. 359, 361-2 (1972).

"Petitioner's counsel admitted (N.T. p. 24) : '. . . [W]e realize that we have a weak case as far as the law goes as far as mandatory suspension.'

"The Secretary of Transportation did not abuse his discretion, nor did the point system enact an injustice on the Appellant.

"As to Appellant's second reason for appeal, there is no such authority for the ruling that an economic hardship is not an appropriately available defense for the case at bar. In Commonwealth v. Stamoolis, 6 Com. Ct. 617, pp. 621-2 (1972), the Court stated that an economic hardship alone does not justify reversal of an order of suspension of a motor vehicle operator's license. See also, Com. v. McCartney, 2 Com. Ct. 540 (1971) ; Com. v. Pison, 2 Com. Ct. 522 (1971). The Court held in Com. v. Boylan, 6 Com. Ct. 629, 632 (1972) : 'The mere fact that a motor vehicle operator . . . needs the use of an automobile in employment is

not reason to disturb the action of the Secretary of Transportation who has suspended the motor vehicle operator's license of the driver *pursuant to an approved schedule of suspensions.*' (Emphasis supplied.)

"The Appellant's third reason, namely, that Due Process was not afforded him because he did not have a hearing before the Secretary of Transportation, lacks merit.

"The Motor Vehicle Code, 75 P.S. §618(h) provides, in part: 'Whenever the Secretary suspends the operator's license . . . of any person, *the secretary shall immediately notify such person and afford him an opportunity of a hearing* before said secretary or his representative, provided such hearing has not already been held, and after such hearing, the secretary shall either rescind his order of suspension, or good cause appearing therefor, may suspend the operator's license . . . of such person for a further period. The transcript and record of such hearing shall be without prejudice, shall be for the information of the department, and shall be open to public inspection. *The fact that such transcript and record of such hearing have been made shall be admissible in evidence solely to prove compliance with this act, but no transcript and record or any part thereof or statement contained therein shall be admissible in evidence for any other purpose in any legal proceeding, civil or criminal arising out of the circumstances for which the hearing was conducted.*' (Emphasis supplied.)

"Contrary to the Petitioner's averment (paragraph 3), that he was never afforded a hearing before the Secretary, a pre-requisite of the aforementioned statute, the Commonwealth established that pursuant to a notification from the Secretary regarding an 'interview' scheduled for May 11, 1972, the Appellant did have a 'hearing' wherein the Secretary issued an order sus-

pending Mr. Wonderly's motor vehicle operator's license to commence on the 5th day of September, 1972.

"The Court is not impressed by Appellant's semasiological argument (N.T. 12), in which he attempts to distinguish between the word 'interview' and 'hearing'. The notice forwarded to the Appellant by the Secretary of Transportation on August 1, 1972 (N.T. 10) is called a hearing and interview notice. (N.T. 19). He had a hearing on May 12, 1972.

"In the case of Com. v. Massey, supra, Mr. Justice MANDERINO, at page 305 observed: 'The secretary [under the provision of the Vehicle Code, 75 P.S. §618(a)(2)] may suspend the operating privileges of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty. . . .' The Appellant either plead guilty or was found guilty of the motor vehicle violations. He paid a fine and costs in each instance.

"In the case of Com. v. Woods, 6 Com. Ct. 359 (1972), the court held: 'The rights of a motor vehicle operator granted by the equal protection clause of the 14th Amendment of the Constitution of the United States are not violated by enforcement of provisions of the Vehicle Code, Act 1959, April 29, P. L. 58. See also, Treadwell v. Commonwealth, 3 Com. Ct. 221 (1971).'

"Due Process has been especially preserved and granted to the Petitioner in that he has afforded a hearing before the Secretary and then another hearing before this Court under protection of statute and grant of supersedeas.

"ORDER

"AND NOW, this 28th day of November, 1972, after hearing in the above matter, the Appeal of James Forrest Wonderly is dismissed."