515 A.2d 99

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Eugene F. Stiver, Appellee.

Submitted on briefs June 6, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, September 18, 1986:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety (Department) from an order of the Court of Common Pleas of Elk County reducing the motor vehicle license suspension of appellee Eugene F. Stiver (Appellee) from 140 days to 70 days. We reverse.

On August 6, 1982, Appellee was convicted for speeding in violation of Section 3362 of the Vehicle Code (Code).[1] As a result, four points were assessed against Appellee's driving record, which, when added to a prior ten points on his record, equaled 14 points. Subsequently, in accordance with Section 1539 of the Code,[2] the Department by letter dated December 14, 1982 notified Appellee of a 140-day suspension of his operator's license. The Department calculated Appellee's suspension on the basis that this was Appellee's second suspension, and Section 1539(b) of the Code[3] provides that second suspensions shall be for a period of ten days per point.

Appellee previously had received a notice of suspension from the Department in 1979. This notice was triggered by a speeding conviction earlier that year. Based on the 1979 speeding violation, and points assessed therefor, the Department on November 1, 1979, sent Appellee a letter informing him that his operating privileges were being suspended for 15 days, effective December 6, 1979, but that Appellee could return his operator's license to the Department *on or before* December 6, 1979. On December 4, 1979, the

---

[1] 75 Pa. C. S. §3362.
[2] 75 Pa. C. S. §1539.
[3] 75 Pa. C. S. §1539(b).

Department sent Appellee another letter advising him that his operating privileges were being "restored" effective December 4, 1979, which date seemingly was two days before the "effective date" of the suspension.

Appellee appealed the 140-day suspension to the Court of Common Pleas of Elk County. Before the trial court, the Department introduced Appellee's certified driving record into evidence, which included the 1979 notice of suspension. Appellee did not contest his 1982 conviction for speeding; nor did he contest the 1982 suspension of his operating privileges *per se*. As a matter of fact, Appellee introduced no evidence at all, but argued that because the December 4, 1979 letter from the Department restored his driving privileges before the December 6, 1979 "effective date" of his suspension, that suspension was void; therefore, his 1982 suspension was his first and not his second suspension. The trial court agreed, specifically finding that no suspension prior to 1982 had occurred, and directed the Department to modify the suspension from 140 days to 70 days[4] and to correct Appellee's operating record to reflect no prior suspension.

The Department now argues to the contrary that Section 1541 of the Code, 75 Pa. C. S. §1541, provides in pertinent part:

> The period of revocation or suspension of the operating privilege shall commence on the date *on which the driver's license was surrendered to and received by the court or the department, as the case may be.* (Emphasis added.)

Thus, once the Department receives a driver's license, his suspension begins to run. If a driver surrenders his driver's license earlier than the "effective

---

[4] An initial suspension is calculated on the basis of five days per point. Section 1539(b) of the Vehicle Code, 75 Pa. C. S. §1539(b).

date" of his suspension (in this case, December 6, 1979), the suspension begins to run from the date of surrender. And once the suspension has been served, the Department is then *required* to restore the driver's license, as provided in the definition of "suspend" in Section 102 of the Code, 75 Pa. C. S. §102:

> 'Suspend.' To withdraw temporarily by formal action of the department any license, registration or privilege issued or granted by the department. *Following a period of suspension, the department shall restore the license, registration or privilege.* (Emphasis added.)

The sole issue before this Court is whether the trial court erred[5] in determining that Appellee had no suspension of his motor vehicle operating privileges prior to the 1982 suspension.

In an appeal to a court of common pleas from a suspension of a driver's license, the burden of proof initially is on the Department to produce a record of convictions which supports the suspension. *Commonwealth v. King,* 9 Pa. Commonwealth Ct. 200, 303 A.2d 848 (1973). The burden then shifts to the licensee to rebut the inference drawn from those records. *Id.* Here, the Department met its burden of proving that Appellee had his operating privileges suspended in both 1979 and in 1982, by introducing Appellee's certified driving record. Appellee failed to introduce any evidence to rebut the November 1, 1979 notice of suspension or any proof that the 15-day suspension did not in fact happen. His *argument* that his license was *restored* before it was *suspended,* and hence void, is fallacious. The Depart-

---

[5] The Commonwealth Court's review is limited to determining whether competent evidence supported the findings of fact or whether an error of law was made. *Martz v. Department of Transportation, Bureau of Traffic Safety,* 24 Pa. Commonwealth Ct. 26, 354 A.2d 266 (1976).

ment's explanation of the letter of restoration[6] is just as reasonable as the Appellee's explanation; more so, because operating privileges which are "restored" *a fortiori* must have been suspended before they can *be* restored.

Therefore, we hold that there was no competent evidence from which the trial court could find that the Department ever rescinded the 15-day 1979 suspension.

In light of the foregoing, therefore, the order of the Court of Common Pleas of Elk County is reversed.

### ORDER

Now, September 18, 1986, the order of the Court of Common Pleas of Elk County, No. 83-22, is hereby reversed.

---

[6] The Department offered no evidence, other than the certified record, at the time of the *de novo* hearing before the trial court. The argument asserted in its brief, based on facts not of record, that Appellee sent his license in prior to the December 6, 1979 "effective date" of the suspension, is accepted as a reasonable explanation in *argument,* not as established fact.