# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kevin Miles | : | |
| | : | |
| v. | : | No. 512 C.D. 2016 |
| | : | Submitted: September 30, 2016 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                          **FILED:  January 12, 2017**

Appellant Department of Transportation, Bureau of Driver Licensing (Department), appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), rescinding the Department's suspension of Kevin Miles' (Licensee) driver's license.  The trial court sustained the statutory appeal by Miles and his objection to the admittance of a record of conviction details offered by the Department.  For the reasons set forth below, we now vacate and remand.

The pertinent facts in this case center around Licensee's violation of Section 1543(a) of the Vehicle Code[1] (relating to driving while operating privilege is suspended or revoked) that occurred on October 27, 2014, and his subsequent conviction on December 15, 2014.  (Reproduced Record (R.R.) at 63a.)  On December 23, 2014, the Department mailed a letter to Licensee, notifying him that

_____

[1] 75 Pa. C.S. § 1543(a).

his driving privileges would be suspended for one year as a result of the December 15, 2014 conviction. (*Id.* at 11a.) Licensee appealed to the trial court, which conducted a *de novo* hearing. (*Id.* at 85a.)

At the hearing, Licensee objected to the admission of a conviction report titled "Conviction Detail," which evinced the December 15, 2014 conviction. (*Id.* at 20a, 30a.) Licensee argued that the suspension of his driving privileges was improper under Section 1550(d)(2) of the Vehicle Code,[2] pertaining to the admissibility of evidence sent from courts or certain insurance companies to the Department. (*Id.* at 21a-22a.) Licensee argued that the Department impermissibly sought to introduce evidence of the December 15, 2014 conviction, shown in the Conviction Detail report, because the Department received the information from the Administrative Office of Pennsylvania Courts (AOPC). (*Id.*) According to Licensee, Section 1550(d)(2) only permits the Department to introduce evidence that it receives from a "court." (*Id.* at 22a.) Licensee further argued that, because the AOPC is not a court, the Department cannot offer evidence received from the AOPC under the authority of Section 1550(d)(2). (*Id.*)

In response, the Department called Matthew Whitaker (Whitaker), the Section Manager of the Bureau of Driver Licensing. (*Id.* at 22a-24a.) Whitaker testified that the contested Conviction Detail report that the Department sought to introduce was a "screen shot" of the Department's computer system that generates suspension notices. (*Id.* at 23a.) The trial court asked Whitaker how the information reached the Department's system. (*Id.*) Whitaker responded that the

---

[2] 75 Pa. C.S. § 1550(d)(2). The parties and the trial court mistakenly referred to Section 1550(d)(1) during the hearing.

information "comes directly from the district court. I presume it's filtered through the AOPC." (*Id.*)

On March 7, 2016, the trial court entered its order, sustaining Licensee's statutory appeal and rescinding the suspension of Licensee's operating privileges. (*Id.* at 79a.) Following the Department's appeal to this Court, the trial court filed an opinion pursuant to Pa. R.A.P. 1925(a) on June 27, 2016. (*Id.* at 105a.) The trial court concluded that the evidence that the Department sought to introduce did not fall within the hearsay exception under Section 1550(d)(2), because the Department received it from the AOPC rather than from a court. (*Id.*) The trial court additionally noted that the conviction evidence did not fall within any alternative hearsay exception. (*Id.*)

On appeal,[3] the Department argues that the trial court erred in holding that the Department failed to provide competent and admissible evidence that Licensee was convicted of violating Section 1543 of the Vehicle Code. The Department argues that the Conviction Detail report was admissible under two hearsay exceptions: the "business records" exception and, alternatively, the hearsay exception under Section 1550(d)(2) of the Vehicle Code. The Department also argues that the Conviction Detail report does not need to come directly from a court to be admissible under Section 1550(d)(2).

In response, Licensee argues that the Conviction Detail report that the Department sought to introduce constitutes inadmissible hearsay. Licensee argues

---

[3] This Court's scope of review is "limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *Dep't of Transp., Bureau of Driver Licensing v. Grubb*, 618 A.2d 1152, 1153 n.3 (Pa. Cmwlth. 1992).

that information proffered by the Department does not fall within Section 1550(d)(2) of the Vehicle Code, because the Department did not receive the information from a court. Licensee also contends that the business records exception to hearsay does not apply.[4]

In order to determine whether the Conviction Detail report was admissible, we must examine Section 1550(d)(2) of the Vehicle Code, which provides:

> In any proceeding under this section, documents received by the department from any other court or from an insurance company shall be admissible into evidence to support the department's case. In addition, if the department receives information from a court by means of electronic transmission or from an insurance company which is complying with its obligation under Subchapter H of Chapter 17 (relating to proof of financial responsibility) by means of electronic transmission, it may certify that it has received the information by means of electronic transmission, and that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission.

---

[4] We note that both the Department and Licensee reference Sections 6103, 6104, and 6109 of the Vehicle Code, 75 Pa. C.S. §§ 6103, 6104, and 6109, purporting to address the business records exception to hearsay. This Court has held that "[m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002). The parties' briefs are devoid of any coherent argument on Sections 6103, 6104, and 6109. Moreover, the Department did not raise the admissibility of the Conviction Detail report under these sections before the trial court. In order to preserve an issue for consideration by a higher tribunal, a party must raise an issue at the earliest opportunity. *D.Z. v. Bethlehem Area Sch. Dist.*, 2 A.3d 712, 725 (Pa. Cmwlth. 2010), *appeal denied*, 29 A.3d 798 (Pa. 2011). The Department failed to do so, and, consequently, the Department waived this issue. We decline to address these sections.

4

Pertinent to this case, the above language provides a statutory exception to the general hearsay rule for documents or electronically transmitted information that the Department receives from a court.

Here, Licensee argues that Section 1550(d)(2) of the Vehicle Code requires that the trial court send the conviction information directly to the Department and does not permit the information to be transmitted through the AOPC. The Pennsylvania Constitution authorizes the Supreme Court to appoint a Court Administrator of Pennsylvania to ensure "the prompt and proper disposition of the business of all courts and justices of the peace." Pa. Const. art. V, § 10(b). Rule 502 of the Pennsylvania Rules of Judicial Administration establishes that the AOPC "shall be the office of the Court Administrator." Moreover, Rule 501(11) of the Pennsylvania Rules of Judicial Administration instructs that one of the functions of the AOPC is "[t]o supervise all administrative matters relating to the offices of the prothonotaries and clerks of court and other system and related personnel engaged in clerical functions, including the institution of such uniform procedures, indexes and dockets as may be approved by the Supreme Court."

We find Licensee's argument unpersuasive. There is no support for the proposition that Section 1550(d)(2) of the Vehicle Code prohibits the courts from sending conviction detail through an administrative office. As a constitutionally prescribed officer, the Court Administrator and, by extension, the AOPC represent part of the unified judicial system and function at the behest of our Supreme Court. *See* Pa. Const. art. V, § 10. Section 1550(d)(2) contemplated that the Department would receive conviction information from the courts of the Commonwealth, but it did not mandate any specific avenue through which the Department must receive that information. Licensee's argument is unsubstantiated

5

by any case or legal authority dictating otherwise. We conclude, therefore, that the hearsay exception provided by Section 1550(d)(2) permits the admission of Conviction Detail reports that the Department receives from courts by way of the AOPC.

Additionally, pursuant to Section 1550(d)(2) of the Vehicle Code, the "certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission." After the Department provides its prima facie proof of the conviction, the burden then shifts to the licensee to rebut the inference drawn from those records. *Dep't of Transp., Bureau of Traffic Safety v. Stiver*, 515 A.2d 99, 101 (Pa. Cmwlth. 1986). Here, the Department Director of the Bureau of Driver Licensing, Kara Templeton, certified that the Department received the information electronically from the AOPC. That certification by Director Templeton shifts the burden to Licensee to refute the Conviction Detail report.

Accordingly, we vacate the order of the trial court and remand the matter to the trial court for further consideration.

_____
P. KEVIN BROBSON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Miles                                    :
                                               :
            v.                                 :    No. 512 C.D. 2016
                                               :
Commonwealth of Pennsylvania,                  :
Department of Transportation,                  :
Bureau of Driver Licensing,                    :
                        Appellant              :

## **O R D E R**

AND NOW, this 12th day of January, 2017, the order of the Court of Common Pleas of Philadelphia County is VACATED and the matter REMANDED for further consideration consistent with this opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge