Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, v. Anthony James Vallozzi, Appellee.

Submitted on briefs, January 10, 1974, to Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*James R. Silvis,* with him *O'Connell, Silvis & Godlewski,* for appellee.

OPINION BY JUDGE MENCER, February 20, 1974:

This is an appeal by the Commonwealth of Pennsylvania (Commonwealth) from an order of the Court of Common Pleas of Westmoreland County sustaining the appeal of Anthony James Vallozzi (Vallozzi) from the suspension of his motor vehicle operator's license.

On November 22, 1972, Vallozzi was notified by the Secretary of Transportation (Secretary) that five points had been assigned to his record as a result of his conviction, on April 3, 1972, of violating Section 1028(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1028(a). Vallozzi was also informed that, since this addition brought his total point accumulation to thirteen (13) points, his operator's license was suspended for sixty (60) days as mandated by Section 619.1(i) and (k) of The Vehicle Code, 75 P.S. §619.1(i), (k).

Vallozzi appealed this suspension to the Court of Common Pleas of Westmoreland County. At the hearing before the Honorable DAVID H. WEISS, Vallozzi objected to the admission into evidence of Commonwealth's Exhibit No. 4, a copy of the traffic complaint and summons issued to him for the violation of Section 1028(a). Vallozzi also objected to the admission of Commonwealth's Exhibit No. 8, a copy of a Commonwealth TS-506 form which contained a record of Vallozzi's convictions, including the above conviction for violation of Section 1028(a). Judge WEISS sustained Vallozzi's objections to both these exhibits, holding that the traffic complaint and summons was not a proper record of conviction under Section 1209(a) of The Vehicle Code, 75 P.S. §1209(a).

Our duty in this type of case is to determine whether the findings of the court below are supported by competent evidence and to correct any erroneous conclusions of law. The action of the lower court will not be disturbed on appeal except for manifest abuse of discretion. *Commonwealth v. McCartney*, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971). We hold that the lower court's reliance on Section 1209(a) was an error of law which compels us to reverse.

The narrow issue in this case is whether or not a copy of a traffic complaint and summons is a proper record of conviction under The Vehicle Code and therefore admissible into evidence in an operator's license suspension case. We hold that it is.

Section 1209(a), under which Judge WEISS found the traffic complaint and summons inadmissible, reads in pertinent part as follows: "Abstracts required by this section shall be made *upon forms prepared by the department,* and shall include all necessary information as to the parties to the case . . . ." (Emphasis added.) Rule 140 of the Pennsylvania Rules of Criminal Procedure states: "The report of disposition of summary of-

fenses required of issuing authorities by The Vehicle Code shall consist of *a copy of the written instrument by which the prosecution was commenced or carried on,* which copy shall set forth the certification of the issuing authority as to adjudication, sentence imposed, if any, and final disposition. Said report shall be made as required by law." (Emphasis added.)

A reading of Section 1209(a) and Rule 140 reveals that they are patently contradictory as to what is admissible as a proper record of conviction. However, this contradiction is resolved by a careful study of the interplay of Section 1209(a) and Pennsylvania Rules of Criminal Procedure 130 and 140.

In *Epps v. Commonwealth,* 11 Pa. Commonwealth Ct. 544, 314 A. 2d 884 (1974), we held that, under the provisions of Rule 130, effective May 1, 1970, Section 1209 is suspended in part by Rule 140. Indeed, Rule 140 is accompanied by a footnote indicating that it suspends in part Section 1209. Since Section 1209(a), relied on by Judge WEISS, is inconsistent with Rule 140, we must hold that it has been superseded by Rule 140. Judge WEISS, therefore, erred in not determining the admissibility of Commonwealth's Exhibit No. 4 under Rule 140.

We also hold that the traffic complaint and summons offered as Commonwealth's Exhibit No. 4, which was signed by a magistrate with official seal attached certifying that Vallozzi pleaded guilty to the offense and paid a fine, satisfies Rule 140. A closer scrutiny of this exhibit reveals that it also complies with the law in every other respect and should have been admitted into evidence by Judge WEISS. The same is true of Exhibit No. 8 which apparently was only held to be inadmissible because of its dependence on Exhibit No. 4 which previously had been ruled inadmissible.

We find that, had the lower court correctly applied Rule 140, the Commonwealth would have sustained its

burden under Section 619.1(i) of showing an accumulation of eleven (11) points or more, and a prima facie case for suspension would have been presented. However, we feel that this case should be remanded so that Vallozzi, if he wishes, may have an opportunity of conducting a defense within the narrow limits established by the Superior Court in *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968).

We therefore issue the following

### ORDER

And Now, this 20th day of February, 1974, the order of the Court of Common Pleas of Westmoreland County is reversed and the case is remanded for a rehearing consistent with this opinion.