Rodger I. Diamond, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued January 10, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Peter J. Mangan,* with him *Griest & Mangan,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, February 21, 1974:

This is an appeal filed by Rodger I. Diamond (Diamond) from an order of the Court of Common Pleas of York County, dated April 24, 1973, dismissing Diamond's appeal from the suspension of his motor vehicle operator's license by the Secretary of Transportation (Secretary) for a period of two months.

The pertinent facts are that at about 2:00 A.M. on December 19, 1971, Diamond, while driving to his home, swerved off the roadway and struck two mail boxes. The scene of the accident was approximately one block from the nearest police station, and approximately 400 yards from his home. He stopped his car, and observed one mail box damaged and broken from its cement foundation. He then proceeded to his home. Within a matter of minutes, the police received a report of the accident and investigated. The police observed a trail

of mail on the roadway, which ended at a point "just before" Diamond's driveway. The police officers, upon investigation, discovered that one of the mail boxes which had been hit was still lodged under Diamond's automobile. The police officers thereupon immediately interrogated Diamond, who admitted that he had knowledge of having struck "something" at the scene of the accident. Diamond admitted that when he arrived home he noticed damage to his right rear wheel and the hood of his automobile, but he had not noticed the mail box lodged beneath his car. Diamond was thereupon apprehended and charged with a violation of Section 1027(d) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1027(d), which in pertinent part reads as follows: "The operator of any vehicle . . . which is involved in an accident with any . . . property which is unattended, shall immediately stop, and shall then and there either locate and notify the . . . owner or custodian of such unattended property, of the name and address of the operator and owner of the vehicle involved in such accident with the unattended . . . property, or shall leave in a conspicuous place, in or upon the unattended . . . property, a written notice, giving the name and address of the operator, and of the owner of the vehicle involved in such accident, and a statement of the circumstances thereof, and also shall, within twenty-four (24) hours forward to the department a similar notice regardless of the amount of the damage done to such unattended . . . property."

A hearing was held before a justice of the peace, after which Diamond was found guilty of said violation. No appeal was taken from that conviction.

As a result of this conviction, Diamond was notified by the Secretary that his operating privileges were suspended for a period of two months. Diamond appealed to the court below (his license was restored by a supersedeas), and after a de novo hearing held on April 24,

1973, the court below dismissed the appeal. Diamond has appealed to this Court from that determination.

In his appeal, Diamond contends that the court below committed an error of law in construing Section 1027(d) of The Vehicle Code so narrowly as to reach an absurd result. The entirety of Diamond's contention is based upon a prior decision of this Court in *Commonwealth v. Stamoolis*, 6 Pa. Commonwealth Ct. 617, 297 A. 2d 532 (1972). Our review of *Stamoolis*, however, permits us to conclude that it is distinguishable. In *Stamoolis, supra,* although the driver struck a utility pole at 2:00 A.M. and left the scene, the driver drove his automobile to "the nearest spot available for parking," where he remained until the police arrived. In this case, Diamond left the scene, and proceeded to his home.

Section 1027(d), quoted above, clearly sets forth a duty on the part of a motor vehicle operator involved in such an accident to stop and, if unable to locate the owner of unattended property struck by the motor vehicle, to leave in a conspicuous place a written notice. The record in this case establishes as a fact that Diamond did not comply with the provisions of Section 1027(d), and therefore, the court below properly concluded that Diamond was in violation of Section 1027 (d), and that the suspension ordered by the Secretary was proper. Our scope of review in such a case is limited. In *Commonwealth v. Jenks*, 6 Pa. Commonwealth Ct. 546, 551, 296 A. 2d 526, 529 (1972), we stated: " 'In appeals of this nature our duty is to examine the testimony to determine whether the findings of the court below are supported by competent evidence and to correct any erroneous conclusions of law, and the action of the lower court will not be disturbed on appeal except for manifest abuse of discretion.' "

In *Stamoolis, supra,* we stated that Section 1027(d) should not be construed so narrowly and technically as

to reach an absurd result, and it is with that thought in mind that we have reviewed the entire record in this case. We conclude that the court below did not abuse its discretion or commit an error of law. Therefore, we must affirm.