## Commonwealth v. Fusco

*J. Matthew Wolfe,* for the Commonwealth.
*Michael J. Cantwell, Jr.,* for defendant.

BLOOM, *S.J.,* October 15, 1984—The issue now before this court is whether the Commonwealth has met its burden of proof in showing that defendant had been convicted of a violation of 75 Pa.C.S. §3733.

This matter necessitated a series of hearings, beginning in March, 1983 and ending in May, 1984. Defendant took the stand and testified that he never pleaded guilty to the offense and that he thought he was posting security for a hearing while in reality he was paying off his fines.

The offense took place on September 30, 1982. On October 19, 1982, defendant had a hearing before District Justice Martin Kearns of Regional Court 32-1-15. As stated earlier, defendant contends that he did not plead guilty as the citations show; he thought he was posting security for a hearing.

The evidence produced at the many trials of this matter are certified copies of the district justice and certified copies from the Department of Transportation. The records from the Department of Transportation show that defendant pleaded guilty prior to a

hearing and these records bear the signature of the district justice as well as the seal of his office. The back of the citation is a little hard to read since the quality of the copy is less than desirable. The court then directed that the Commonwealth present certified copies from the district justice. The records presented under the seal of Albert J. Berardocco show that defendant pleaded guilty and he signed an affidavit of indigency and schedule of payments concerning his conviction of a violation of 75 Pa.C.S. §3733(a).

Defendant objects to these records and contends that the Commonwealth must bring the district justice to court to testify. Defendant further objects to these records since District Justice Kearns originally heard the matter and District Justice Berardocco signed the certification. This court is aware of the fact that District Justice Kearns is no longer sitting on the bench and we accept the certification as submitted.

Our Commonwealth Court in Commonwealth v. Kluger, 12 Pa. Commw. 460, 317 A.2d 686 (1974), held that magistrate's records, if duly certified to be a true and correct copy, would be acceptable.

Defendant relies upon Commonwealth v. Marchetti, 16 Pa. Commw. 443, 332 A.2d 184 (1975). The court in Marchetti, supra, held that since the records did not contain a copy of the written instrument by which the prosecution was commenced, the Commonwealth had failed to meet its burden.

However, the record before this court does contain a certified copy of the written instrument by which the prosecution was commenced. Likewise, we are not convinced that defendant did not realize he was pleading guilty. This matter is on the civil side of our court. Should defendant wish to attack

his underlying conviction, he should have filed a summary appeal nunc pro tunc.

For all the above reasons, we dismissed the appeal and reinstated the suspension.