## Commonwealth *v.* Grindlinger.

Argued December 7, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Peter D. Solymos,* with him *Lewis H. Markowitz* and *Markowitz, Kagen & Griffith,* for appellant.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 1, 1973:
This is an appeal from a decision and order of the Court of Common Pleas of York County which affirmed

the action of the Secretary of Transportation in suspending the operating privileges of appellant Grindlinger.

In this point system case, appellant argues that the Pennsylvania statutory procedure[1] which allows the suspension of a driver's license without a hearing before the Secretary of Transportation violates due process.

The record here shows that appellant had accumulated a total of twelve (12) points in a series of violations and for that reason his driver's license was suspended for sixty (60) days by the Secretary of Transportation pursuant to §619.1 of The Vehicle Code (75 P.S. §619.1). Neither notice nor an opportunity to be heard at an administrative hearing was provided by the Secretary of Transportation prior to the imposition of the suspension.

The suspension was appealed to the Court of Common Pleas of York County and the appeal superseded the suspension by order of that court. The court held a de novo hearing and subsequently affirmed the action of the Secretary. We hold that the lower court must be affirmed.

Appellant contends that *Bell v. Burson*, 402 U.S. 535 (1971) and *Reese v. Kassab*, 334 F. Supp. 744 (W.D. Pa. 1971) dictate that an administrative hearing must be afforded the operator prior to imposition of a suspension under the point system. In fact these cases, both of which were decided after the suspension was effective in this case, provide support for the contrary proposition.

*Bell*, at 542, said: ". . . it is fundamental that except in emergency situations (and this is not one) due pro-

---

[1] Act of April 29, 1959, P. L. 58, §§618, 619.1, 620, as amended, 75 P.S. §§618, 619.1, 620.

cess requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the notice of the case' *before* the termination becomes effective." (Emphasis in original). *Reese* also involved an attack on the Pennsylvania point system and the court there interpreting the language quoted from *Bell*, stated "In short, we hold that before an operator's license can be suspended by the Secretary under the terms of the Pennsylvania Point System, there must be notice and opportunity for hearing *before* the action becomes effective." (Emphasis supplied). 334 F. Supp. at 747.

We agree with the lower court that the de novo hearing provided appellant with notice and that he was in fact given an opportunity for a hearing. The lower court in ordering supersedeas temporarily halted the suspension and in so doing effectively provided a hearing before the suspension took effect.

This is not in the same factual posture as *Reese, supra.* The distinction is found in language in the opinion wherein the court wrote: "Here the state furnished neither notice nor opportunity for Reese to be heard either at an administrative hearing or de novo before a court before the termination." 334 F. Supp. at 747.

The Supreme Court in *Bell* proffers alternative methods by which the procedural defect (caused by the absence of an administrative hearing) might be cured. One suggested alternative is that a state allow such a hearing at de novo judicial proceedings prior to the termination of privileges. *Bell*, 402 U.S. at 543. This is precisely what occurred in the instant case.

Although it may be argued that since the Pennsylvania procedure does not provide that appeal from a suspension acts as an automatic supersedeas, the procedure is invalid on its face. In the instant case there

was, in fact, a stay of the suspension here until a determination of the appeal. Hence that argument is irrelevant.

In *Jennings v. Mahoney*, 404 U.S. 25 (1971), a similar attack was made on a statute which failed to provide an automatic stay of a suspension pending judicial review. The Court there said: "There is plainly a substantial question whether the Utah statutory scheme on its face affords the procedural due process required by *Bell v. Burson*. This case does not, however, require that we address that question. The District Court in fact afforded this appellant such procedural due process. That court stayed the Director's suspension order pending completion of judicial review and conducted a hearing. . . ." 404 U.S. at 26.

Clearly then, the de novo hearing here cured any procedural due process defects which might have been caused by the lack of an administrative hearing.

Appellant's final contention is that the magistrate's reports on appellant's convictions were inadmissible at the de novo hearing because the photostatic copy of the magistrate's reports did not have the magisterial seal affixed. This argument is specious and without merit.

Section 1224 of The Vehicle Code, 75 P.S. §1224 on the subject of the Secretary's records, provides that certified copies of any of the Secretary's records when certified under seal, shall be acceptable as evidence in the courts of this Commonwealth. Section 1209[2] of The Vehicle Code which deals with magistrates' reports provides that reports of the dispositions of cases shall contain specified information and shall be certified as a true abstract of the record of the court. In *Commonwealth v. Hepler*, 2 Pa. Commonwealth Ct. 516, 279 A.

[2] Pa. R. Crim. P. No. 140, suspended in part Section 1209. It did not, however, effect any changes regarding place of certification or seal.

2d 93 (1971), this Court held that magistrates' records must be in proper form including correct certification and seal. Using Sections 1224 and 1229 and *Hepler*, appellant argues that it was error to admit the photostatic copy of the magistrate's reports since the seal was not properly affixed. We disagree.

The command of *Hepler* and §1209 were followed. The record without question shows that the magistrate's reports were signed, certified in the proper places and a seal affixed on the original.

The Commonwealth's records produced at the de novo hearing satisfied the requirements of §1224 because they were certified by the Secretary to be copies of the original reports and the official seal was affixed. Appellant would require the magistrate, now District Justice, to sign and seal in its original every copy even though the official record was duly executed. This is absurd, and is in no way required by the Code. So long as the magistrate has properly performed his duty by certifying and affixing the seal to his report and so long as the Secretary certifies his records under seal the requirements of the statute are met. The two are distinct processes.

Order affirmed.