## Commonwealth *v.* Cannillo.

Argued April 5, 1973, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Stuart A. Liner,* Assistant Attorney General, with him *Jerrold D. Harris,* Assistant Attorney General, *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Vincent J. Morocco,* with him *Redlich, Cassol, Redlich & Morocco,* for appellee.

OPINION BY JUDGE BLATT, April 24, 1973:

The operator's license of Tony Cannillo (Cannillo) was suspended for sixty days by the Department of Transportation (Department) because he had amassed a total of 13 points as the result of various traffic violations. Cannillo appealed to the Court of Common Pleas of Westmoreland County, which appeal acted as a supersedeas to the suspension. The Department now appeals from the action of the lower court restoring Cannillo's operating privileges.

At the hearing before the lower court, the Department introduced into evidence its records establishing the various convictions against Cannillo and the computation of points therefrom. Cannillo offered no testimony or evidence whatever. The lower court, in upholding Cannillo's appeal, did so on the grounds that he had not been granted a departmental hearing.

In an appeal from the suspension of an operator's license for accumulation of points, this Court has previously held that the Commonwealth must produce records of convictions sufficient to support such suspension, and that the burden then shifts to the licensee to prove that he was not so convicted or that the records or point calculations were incorrect. *Commonwealth v. Siedlecki,* 7 Pa. Commonwealth Ct. 130, 300 A. 2d 287 (1973). Here the Department did establish a prima facie case, and Cannillo clearly failed to meet his burden. We have also previously held that a licensee is not entitled to a departmental hearing prior to the suspension of his license where, as here, the licensee is to receive a de novo hearing and a supersedeas has been granted by the lower court. *Commonwealth v. Trimble,* 7 Pa. Commonwealth Ct. 443, 300 A. 2d 92 (1973), and *Commonwealth v. Grindlinger,* 7 Pa. Commonwealth Ct. 347, 300 A. 2d 95 (1973). These cases are controlling here.

The order of the court below is, therefore, reversed and the order of the Secretary of Transportation suspending the license of Tony Cannillo is hereby reinstated.