Louis W. Fabrizi, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

84

Argued June 8, 1973, before Judges KRAMER, WIL-
KINSON, JR. and BLATT, sitting as a panel of three.

George L. Cass, with him Buchanan, Ingersoll, Rodewald, Kyle & Buerger, for appellant.

Stuart A. Liner, Assistant Attorney General, with him Anthony J. Maiorana, Assistant Attorney General, Robert W. Cunliffe, Deputy Attorney General, and Israel Packel, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, August 1, 1973:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing the appeal of Louis W. Fabrizi (Fabrizi) from the revocation of his motor vehicle operator's license by the Secretary of the Pennsylvania Department of Transportation (Secretary). The revocation was brought about as a result of Fabrizi's conviction of operating a motor vehicle while under the influence of liquor (Section 1037 of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §1037). Upon receipt of notice of Fabrizi's conviction, the Secretary, on November 19, 1971, re-

voked Fabrizi's motor vehicle operating privileges for a period of one year pursuant to Section 616(a)(1) of The Vehicle Code, 75 P.S. §616(a)(1). Fabrizi filed an appeal from this revocation to the Court of Common Pleas of Allegheny County and the hearing was held on November 2, 1972. Upon the dismissal of his appeal, Fabrizi appealed to this Court.

At the hearing before the lower court, the Commonwealth presented, as an exhibit, a photostatic copy of the report of the Clerk of Courts of Allegheny County setting forth the details of Fabrizi's conviction for said violation. The copy of the report had attached to it a certification of the Secretary signed and sealed by the Director of the Bureau of Traffic Safety. At the hearing, counsel for Fabrizi objected to the introduction into evidence of the Clerk's report because the document did not contain the actual signature of the Clerk of Courts of Allegheny County, nor did it bear the impression of the Clerk's seal. The court overruled his objection and received the report as part of the prima facie case of the Commonwealth. The sole question presented to this Court on appeal is whether the lower court erred in accepting a photostatic copy of the report of the Clerk of Courts, which had been certified by the Secretary, as evidence of Fabrizi's conviction. After a review of the entire record and examination of the document in question, we must affirm the court below.

Section 1224 of The Vehicle Code, 75 P.S. §1224, states: "Any certified copies, or certified photostatic copies, of any records, books, papers, documents, and rulings of the secretary, when certified under the seal of the department by its duly authorized agent, shall be acceptable as evidence in the courts of this Commonwealth with the same force and effect as the originals, in all cases where such original records, books, papers, documents, and rulings would be admitted in evidence."

The court, in the case of *Commonwealth v. Grindlinger*, 7 Pa. Commonwealth Ct. 347, 352, 300 A. 2d 95, 97 (1973), under similar circumstances stated: "The Commonwealth's records produced at the de novo hearing satisfied the requirements of §1224 because they were certified by the Secretary to be copies of the original reports and the official seal was affixed. Appellant would require the magistrate, now District Justice, to sign and seal in its original every copy even though the official record was duly executed. This is absurd, and is in no way required by the Code. So long as the magistrate has properly performed his duty by certifying and affixing the seal to his report and so long as the Secretary certifies his records under seal the requirements of the statute are met. The two are distinct processes."

We conclude, therefore, that the lower court properly received into evidence the photostatic copy of the report of the Clerk of Courts of the conviction of Fabrizi inasmuch as that copy was duly certified by the Secretary. We affirm the order of the court below.