Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Joseph Finotti, Jr., Appellee.

Submitted on briefs, June 8, 1973, to Judges KRAM-
ER, WILKINSON, JR., and BLATT, sitting as a panel of
three.

*Stuart A. Liner,* Assistant Attorney General, with
him *John L. Heaton,* Assistant Attorney General, *Rob-
ert W. Cunliffe,* Deputy Attorney General, and *Israel
Packel,* Attorney General.

*Richard W. Kooman, II,* with him *Alexander, Garb-
arino & Kooman,* for appellee.

OPINION BY JUDGE WILKINSON, August 1, 1973:

Appellee's operator license was suspended by the
Secretary of Transportation for a violation of Section
1002(b)(8) of The Vehicle Code, Act of April 29, 1959,
P. L. 58, as amended, 75 P.S. §1002(b)(8). The spe-
cific offense charged was travelling at a speed of 81
miles per hour, where the posted speed was 65 miles
per hour.

On appeal to the lower court, at the de novo hearing, the Commonwealth offered into evidence an Exhibit A, being the Rules and Regulations by the Department of Transportation in connection with Radio-microwave Devices for Timing Speed; Exhibit B, being the Certificate of Appointment as Official Radar Speed Meter Testing Station No. 2 of HRB-Singer, Inc.; and Exhibit D, being Department Standard R-28, pertaining to "radar enforced signs." The appellant objected to the admission of these three exhibits for the reason that the signature on the certification was not a manual hand signature, but rather was a stamped signature and not the actual signature of the person from the Department who authorized it to be placed under seal. It was agreed that all the documents were manually sealed with the appropriate seal.

The lower court received the documents and reserved its ruling on the objection. After hearing all the testimony, the lower court ruled that since the certifications did not bear the manual signature of a duly authorized agent, but were rather photostatic copies of certificates, which photostatic copies did bear the impressed seal of the Commonwealth, they were objectionable and, therefore, the Commonwealth had not produced a prima facie case. The lower court then sustained a demurrer, reversed the suspension, and restored the operator's license. We must reverse and remand the case for the lower court to consider the exhibits as properly admitted, and to consider all the testimony taken at the de novo hearing.

Section 1224 of The Vehicle Code, 75 P.S. §1224, provides: "Any certified copies, or certified photostatic copies, of any records, books, papers, documents, and rulings of the secretary, *when certified under the seal of the department by its duly authorized agent*, shall be acceptable as evidence in the courts of this Commonwealth with the same force and effect as the

originals, in all cases where such original records, books, papers, documents, and rulings would be admitted in evidence." (Emphasis added.) While this seems to be a case of first impression on the question of whether the certification must be signed manually by the Secretary or someone in his behalf, there have been many cases which have held that Section 1224 does not require the manual signature of the Secretary. *See Commonwealth v. Walkinshaw*, 373 Pa. 419, 96 A. 2d 384 (1953), wherein the court stated: "There is nothing in the statute to indicate a requirement that every notice be signed by the Secretary personally." The Superior Court, in *Tomilio v. Pisco, et al.*, 123 Pa. Superior Ct. 423, 187 A. 86 (1936), discussed what is general law that a person can adopt as his signature anything which he cares to identify as such, so long as there is an intent that it be his signature.

It seems quite clear to this Court that the stamped facsimile, or photostatic copy of the signature of the Secretary on Exhibits A and C, and of his agent, the Director of the Bureau of Traffic Safety, on Exhibit B, was obviously intended to be the signature of the person whose name was used. The manual application of the seal quite clearly indicates individual attention which is certainly of equal dignity to a manual signature. It is important to note that, as quoted above, the Act requires the signature to be under the seal of the Department, and by its duly authorized agent, but it does not specify that the duly authorized agent must manually sign. This Court has recently ruled on whether photostats of original documents which are forwarded to the Secretary must have manual signatures on them. In *Commonwealth v. Grindlinger*, 7 Pa. Commonwealth Ct. 347, 300 A. 2d 95 (1973), we held that the manual signatures were not required. *See Fabrizi v. Commonwealth*, 10 Pa. Commonwealth Ct. 83, 308 A. 2d 167 (1973), handed down herewith.

Inasmuch as the court below reserved its ruling on the admissibility of the exhibits and wisely had the parties proceed to produce their respective cases, it will not be necessary to have an additional de novo hearing. However, it is essential that the court below now consider the entire record and render a decision on the merits.

Accordingly, we enter the following

### ORDER

Now, August 1, 1973, the order of the court below, dated January 5, 1973, is reversed and the case remanded to the court below to consider the entire record and render a decision.