Robert Dwight Epps, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued October 5, 1973, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*Lawrence G. Strohm, Jr.,* with him *Donald S. Guthrie* and *Jones, Purdy & Guthrie,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

Opinion by Judge Mencer, February 13, 1974:

The Secretary of Transportation (Secretary) notified Robert Dwight Epps (Epps) that five points had

been assigned to his record because of a violation of Section 1028(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1028(a), and, since this brought his total point accumulation to fourteen points, that his operator's license was suspended for sixty days as mandated by Section 619.1, subsections (i) and (k), 75 P.S. §619.1(i) and (k).

Epps has appealed from an order of the Court of Common Pleas of Delaware County dismissing his appeal from the Secretary's suspension of his operator's license. Whether the sixty-day suspension should stand depends on whether, under Section 619.1(i), Epps' "record shows an accumulation of eleven (11) points or more." On the record before us, we must conclude that the Commonwealth proved only an accumulation of nine points and, therefore, Epps' suspension must be set aside.

At the hearing before the court below the Commonwealth merely offered five exhibits for introduction into evidence. Three of these exhibits pertained to purported convictions of Epps and were the basis of the Secretary's computation of points assigned to Epps' record. Epps' attorney objected to the admission of two of these three exhibits but his objections were overruled and Epps' appeal was dismissed.

Commonwealth's Exhibit No. 1 is a copy of a Commonwealth MC JPCr O1 form, revised 7-70, the front of which is a traffic citation providing space for pertinent information concerning the alleged traffic violation and the purported violator. None of this accusing and identifying information is in question here. The reverse side contains a form of affidavit which becomes applicable under Rule 134(4) of the Pennsylvania Rules of Criminal Procedure.[1]

---

[1] This rule did not become applicable to proceedings in Delaware County prior to January 1, 1973 and therefore the affidavit form is of no relevance in this appeal.

However, the remaining portion of the reverse side of the form is important. It is captioned "Certification of Disposition" and thereunder are two columns, one headed "Adjudication" and the other "Sentence." Under the column headed "Adjudication" is the directive to "circle appropriate code." Under this appears the following:

> "Non-appearance:
> Paid Fine & Costs ........... 1
> Found Guilty ............... 2
> Not Guilty ................. 3
> Plead Guilty ............... 4
> Discharged ................. 5"

On Commonwealth's Exhibit No. 1, numbers "1," "2," and "4" are circled.

Under the column headed "Sentence" the following appears on the form:

> "Fine ................. $———
> Costs ................. $———
>    Total ............... $———
> Date Paid ——————————
> Commited [sic] to: ——————
> No. Days ————————————"

On Commonwealth's Exhibit No. 1, the fine is listed as $5.00, the costs as $5.00, the total as $10.00, and 1/5/72 as the date paid.

Immediately under these two columns there is a line, under which appear the words, "Signature of Justice of the Peace," and below this is another line, under which appear the words, "Magisterial District No." Opposite these lines is the word, "Seal."

On Commonwealth's Exhibit No. 1 there is no signature of any kind but the number "38-01-09" was placed on the line above "Magisterial District No." The imprint of a magisterial seal appears on this exhibit.

At the bottom of the form this notice appears: "NOTE: Violations under the Vehicle Code shall be reported to the Bureau of Traffic Safety, Department of Revenue, Commonwealth of Pennsylvania, Harrisburg, Penna. 17123. Citations must be filed by the 10th day of each month."

With this factual background, we read Pennsylvania Rule of Criminal Procedure 140: "The report of disposition of summary offenses required of issuing authorities by The Vehicle Code shall consist of a copy of the written instrument by which the prosecution was commenced or carried on, which copy shall set forth the certification of the issuing authority as to adjudication, sentence imposed, if any, and final disposition. Said report shall be made as required by law."

Under the provisions of Rule 130 of the Pennsylvania Rules of Criminal Procedure, the Act of April 29, 1959, P. L. 58, §1209, 75 P.S. §1209, is suspended in part by Rule 140.

Rule 140 requires that the copy shall set forth the "certification of the issuing authority." Such certification is not accomplished here where the signature of the magistrate is missing. We must conclude, as we did in *Commonwealth v. Hepler*, 2 Pa. Commonwealth Ct. 516, 279 A. 2d 93 (1971), that, in an operator's license suspension case, (1) the burden of proof is upon the Commonwealth to establish by legal and competent evidence the correctness of the computation of the Secretary in the assessment of points assigned to an operator's record; (2) the Commonwealth must produce conviction records in proper form, together with the records of the Secretary compiled therefrom justifying suspension.

Our holding is in accord with *Commonwealth v. Grindlinger*, 7 Pa. Commonwealth Ct. 347, 300 A. 2d 95 (1973), where the magistrate's original conviction reports to the Secretary were signed, certified, and a seal

affixed. We held in *Grindlinger* that certified copies of such conviction reports were properly admissible into evidence in a motor vehicle operator's license suspension hearing, without the magistrate's affixing his seal to and signing the certified copies. In *Fabrizi v. Bureau of Traffic Safety,* 10 Pa. Commonwealth Ct. 83, 308 A. 2d 167 (1973), the Secretary's certified copy of the report of conviction did not contain the actual signature of the clerk of courts, nor did it bear the impression of the clerk's seal. We followed *Grindlinger* and held the document admissible.

It is important to recognize that in *Grindlinger* and *Fabrizi* we were concerned with the absence of seals or actual signatures of the magistrates on the Secretary's certified copies of original reports. In the present case we are confronted with the absence of the magistrate's signature needed to certify the copy of the written instrument by which the prosecution was commenced or carried on, it being the report of the magistrate which is the basis for the Secretary's assessment of points against an operator's driving record.

Likewise, our holding today is in accord with the pronouncement of the Superior Court in *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 368, 243 A. 2d 464, 469 (1968), where it stated: "At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record *in the proper form,* and the secretary's record compiled therefrom which justified the suspension." (Emphasis added.)

Significantly in this case, unlike *Virnelson,* the accused operator did not admit that he paid the fine and costs. Lacking such an acknowledgment or competent proof of payment, the rule that payment of a fine and costs is an admission of conviction is not applicable. *See Commonwealth v. James,* 6 Pa. Commonwealth Ct.

493, 296 A. 2d 530 (1972) ; *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960).

Nor can the Commonwealth complain that our resolution of this case is an acceptance of technicalities over realities. The obvious defect in the certification introduced in this case as Commonwealth's Exhibit No. 1 could have been easily corrected by merely returning the report in question to the magistrate and inviting his attention to the fact that he had not signed the report. Not only was this a simple procedure available to the Commonwealth, but without the certifications being in proper form, the Secretary did not have the authority to assess points against Epps' record. *Virnelson Motor Vehicle Operator License Case, supra.*

We are confronted with the inescapable conclusion that the magistrate has failed to make a certification and, absent such certification, the report of disposition is ineffective and not in compliance with Pennsylvania Rule of Criminal Procedure 140. *See Commonwealth v. Iorio,* 2 Pa. Commonwealth Ct. 502, 276 A. 2d 360 (1971).

The learned court below correctly concluded that the challenge to Commonwealth's Exhibit No. 3 was unfounded. This exhibit is a form with a certification of disposition of an alleged violation of The Vehicle Code on which the magistrate has placed his initials and his official seal. Although we would agree that it would have been desirable if the magistrate had signed his full name, we do conclude, with the court below, that this certification was one in which the identity of the magistrate and the authenticity of the certification were ascertainable from the exhibit. *See Commonwealth v. Finotti,* 9 Pa. Commonwealth Ct. 538, 308 A. 2d 198 (1973).

Reluctantly, we must conclude that the Commonwealth failed to meet its burden of proof to establish by legal and competent evidence the alleged conviction

which was the subject of Exhibit No. 1 and which alleged conviction was the basis of the computation of the Secretary in assigning five points to Epps' record. Without these five points, Epps' point total was admittedly nine and less than justified suspension of his operator's license under Section 619.1(i).

The order of the Court of Common Pleas of Delaware County is reversed, and the suspension of the motor vehicle operator's license of Robert Dwight Epps for a period of sixty (60) days by the Secretary of Transportation is hereby set aside.