Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* James Melvin O'Neill, Appellee.

Argued October 31, 1975, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Harold H. Kramer,* Assistant Attorney General, with him *John L. Heaton,* Assistant Attorney General, *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, January 12, 1976:

The Commonwealth appeals from a decision of the Court of Common Pleas of Lawrence County reversing a suspension of James Melvin O'Neill's operating privileges. The suspension resulted from O'Neill's accumulation of 14 points on his record of violation, notice of which was

sent to him on August 30, 1973. He requested a departmental hearing which he did not obtain, and he also appealed to the lower court which issued a supersedeas order on October 24, 1973. The lower court conducted a hearing on March 13, 1975 at which the Commonwealth presented copies of citations indicating the convictions which led to O'Neill's suspension, and, although O'Neill presented no evidence, the lower court reversed the suspension on the basis that he had received no departmental hearing prior to his appeal. This was clearly error, as acknowledged by the lower court in its own opinion.

As we held in *Commonwealth v. Grindlinger*, 7 Pa. Commonwealth Ct. 347, 300 A.2d 95 (1973) and in several subsequent cases, a licensee is not entitled to a departmental hearing prior to the suspension of his license when, as here, the Department of Transportation is on notice, by reason of the grant of supersedeas, that he will receive a de novo hearing before the lower court. *See Commonwealth v. Cannillo*, 9 Pa. Commonwealth Ct. 198, 303 A.2d 580 (1973).

The lower court's order is, therefore, reversed and the suspension is reinstated.