Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Jacob A. Mitchneck, Appellee.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Sandor Yelen,* for appellee.

OPINION BY JUDGE MENCER, June 11, 1976:

Jacob A. Mitchneck's motor vehicle operator's license was suspended for 60 days by the Acting Director of the Bureau of Traffic Safety (Acting Director) because his total point accumulation for violations of The Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §101 et seq., had reached 11 points and therefore the suspension was mandated by Section 619.1, subsections (i) and (k), of the Code, 75 P.S. §619.1(i), (k).

This appeal is by the Commonwealth from an order of the Court of Common Pleas of Luzerne County sustaining the appeal of Jacob A. Mitchneck (Mitchneck) from the Acting Director's suspension. At the hearing, the trial court refused to admit into evidence various Commonwealth exhibits which were essential to the Commonwealth's showing an accumulation of 11 points in order to establish a prima facie case for suspension.

The trial court set forth its reasoning as follows:

"In this case, the Commonwealth's certification contains only the *typed name of the Acting Director of the Bureau of Traffic Safety:*

'FRANCIS P. GAFFNEY, Acting Director
Bureau of Traffic Safety'

The testimonial clause recites as follows:

'In testimony whereof, I have hereunto set my hand and affixed the seal of this Department the day and year aforesaid.'

*"No manual hand signature or stamped facsimile signature appears on the certification.* The Departmental Seal was attached. Section 1224 of The Vehicle Code, 75 P.S. §1224 (pocket parts) provides:

" '§1224. Admissibility of certified copies of records as evidence

" 'Any certified copies, or certified photostatic copies, or certified reproductions, of any records, books, papers, documents, and rulings of the secretary, when certified under the seal of the department by its duly authorized agent, shall be acceptable as evidence in the courts of this Commonwealth with the same force and effect as the originals, in all cases where such original records, books, papers, documents, and rulings would be admitted in evidence. As amended 1974, Oct. 2, P.L.     , No. 217, §2, imd. effective.'

"It seems that this is a case of first impression on the question of whether the certification must be signed manually or stamped with a facsimile signature by the Secretary or some duly authorized agent.

"We are not unmindful that the Superior Court in Tomilio v. Pisco et al., 123 Pa. Superior Ct. 423, 187 A. 86 (1936), held that a person can adopt as his signature anything which he cares to identify as such so long as there is an intent that it be his signature. *No evidence was presented that Francis P. Gaffney intended his typed name to be his signature.*

"This Court is not unmindful of the administrative problems confronting the Secretary of Transportation upon the death of the Director of the Bureau of Traffic Safety. We are aware of the volume of

their work and caseload. On the other hand, it is very important to note that the Act requires certification under the seal of the Department to allow these copies to be admissible. Under the circumstances of this case, we are duty bound to deny the admissibility of these documents for failure to have them properly certified.'' (Emphasis in original.)

The sole and narrow question here is whether the records in question were properly certified when the name of the Acting Director was typed on a piece of plain paper and attached over the written facsimile of the signature of the former Director of the Bureau of Traffic Safety who was deceased at the time of the attachment. The Commonwealth requests this Court to extend our holding in *Commonwealth v. Finotti*, 9 Pa. Commonwealth Ct. 538, 308 A.2d 198 (1973), to cover the fact situation of this case. We decline to do so and affirm the trial court.

In *Finotti*, we held the stamped facsimile, or photostatic copy of the signature of the Secretary of Transportation and of his agent, the Director of the Bureau of Traffic Safety, was obviously intended to be the signature of the person whose name was used and records containing such a certification were admissible under Section 1224 of the Code, 75 P.S. §1224. We find no such obvious intention here where we know not by whom the Acting Director's name was typed or at whose direction it was placed atop the former Director's signature. We do not conclude on this record that a typewritten name is either a signature or facsimile of a signature. We hold that a signature in some form intended by the Acting Director to be his signature was essential to the certification of the Department's records and their admissibility under Section 1224 of the Code. The Commonwealth has simply not met its burden of proof in this case. Since the Commonwealth's exhibits were not properly cer-

tified and therefore were inadmissible, the Commonwealth failed to establish a basis that would justify suspension of Mitchneck's license under Section 619.1 (i) and (k). *Epps v. Bureau of Traffic Safety,* 11 Pa. Commonwealth Ct. 544, 314 A.2d 884 (1974) ; *Commonwealth v. Iorio,* 2 Pa. Commonwealth Ct. 502, 276 A.2d 360 (1971); *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968).

Order affirmed.

Judge KRAMER did not participate in the decision in this case.