Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Jack R. Kluger, Appellee.

Argued September 14, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three. Reargued February 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Richard M. Goldberg,* with him *Hourigan, Kluger & Spohrer Associates,* for appellee.

OPINION BY JUDGE KRAMER, October 16, 1973:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation (Commonwealth) from an order of the Court of Common Pleas of Luzerne County sustaining the appeal of Jack R. Kluger (Kluger) from the suspension of his motor vehicle operator's license by the Secretary of the Department of Transportation (Secretary).

The Secretary suspended Kluger's license due to a violation of Section 1002(b)(6) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(6), for driving at the speed of 65 miles per hour in a 55 miles per hour zone. This is not a point system case, and Kluger's operating privileges were suspended for a period of six months pursuant to Subsections 604.1(a) and (d) of the Code (75 P.S. §604.1). Kluger filed an appeal from the suspension to the Court of Common Pleas of Luzerne County, and a de novo hearing was held on December 20, 1972. On January 19, 1973, the lower court sustained Kluger's appeal; thereafter, the Commonwealth appeal to this Court.

The sole issue presented to this Court for review concerns the admissibility of Commonwealth Exhibit No. 3, the magistrate's conviction report. The Commonwealth presented a photostatic copy of the report. Although the copy clearly indicates that the magistrate signed the report, the magistrate's official seal is not visible on the

copy. However, a certification signed and sealed by the Director of the Bureau of Traffic Safety is attached to the copy. That certification reads as follows:

"COMMONWEALTH OF PENNSYLVANIA, ss:

"I HEREBY CERTIFY, That The Foregoing And Annexed Is A Full, True And Correct Certified Photostatic copies of Exhibits Nos. (1) Withdrawal of Motor Vehicle Privileges, (2) Hearing & Interview Notice, (3) Conviction Report, and (4) Driving Record, which appear in the file of the defendant Jack R. Kluger, Operator's No. 16-290-606, Date of Birth 01-24-54, in the Bureau of Traffic Safety, Harrisburg, Pennsylvania.

"CERTIFIED To as prescribed by Section 1224 of 'THE VEHICLE CODE,' Act of April 29, 1959, P. L. 58, as amended, 75 P.S. Sec. 1224. . . ."

The same issue was recently before the Court in *Fabrizi v. Commonwealth of Pennsylvania*, 10 Pa. Commonwealth Ct. 83, 308 A. 2d 167 (1973), wherein we determined that the certification by the Director of the Bureau of Traffic Safety satisfied the requirements of Section 1224 of the Code (75 P.S. §1224), and therefore, the exhibit was admissible. Section 1224 of the Code provides: "Any certified copies, or certified photostatic copies, of any records, books, papers, documents, and rulings of the secretary, when certified under the seal of the department by its duly authorized agent, shall be acceptable as evidence in the courts of this Commonwealth with the same force and effect as the originals, in all cases where such original records, books, papers, documents, and rulings would be admitted in evidence." In reaching our result in *Fabrizi, supra,* we relied on our recent opinion in *Commonwealth v. Grindlinger,* 7 Pa. Commonwealth Ct. 347, 300 A. 2d 95 (1973), which we believe is equally applicable here. In *Grindlinger, supra,* which also involved the failure to affix the magistrate's seal to a photostatic copy, we stated: "The Com-

monwealth's records produced at the de novo hearing satisfied the requirements of §1224 because they were certified by the Secretary to be copies of the original reports and the official seal was affixed. Appellant would require the magistrate, now District Justice, to sign and seal in its original every copy even though the official record was duly executed. This is absurd, and is in no way required by the Code. So long as the magistrate has properly performed his duty by certifying and affixing the seal to his report and so long as the Secretary certifies his records under seal the requirements of the statute are met. The two are distinct processes." 7 Pa. Commonwealth Ct. at 352, 300 A. 2d at 97.

We conclude, therefore, that the lower court erroneously rejected the introduction of the conviction report into evidence. Accordingly, the order of the lower court is reversed and the suspension of Kluger's license by the Secretary is reinstated.

———

OPINION BY JUDGE KRAMER on reargument, March 26, 1974:

This matter is before the Court en banc on reargument following the filing of an opinion by a panel of this Court on October 16, 1973 (*Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Kluger*, 310 A. 2d 455 (1973)), wherein the order of the court below was reversed and the suspension of the motor vehicle operator's license of Jack R. Kluger (Kluger) was reinstated. Our prior opinion in *Kluger* is made a part hereof by reference thereto.

In our prior opinion we held that the Commonwealth had met its burden at the de novo hearing before the court below by presenting a photocopy of the original conviction record duly certified by the Director of the Bureau of Traffic Safety. On reargument Kluger as-

serts that the original conviction was "patently" defective because in the photocopy process used by the Commonwealth the raised configurations, or bas-relief, of the Magistrate's seal were not discernible. Kluger contends, and the court below held, that the Commonwealth had not met its burden of proving the authenticity of the plea of guilty to the motor vehicle violation which was the basis for the suspension. Once again, we must hold that Kluger's argument has no merit.

The subject conviction report filed by the Magistrate and certified by the Bureau clearly shows to the left of the Magistrate's signature the word "SEAL" completely encircled by two lines. As pointed out in our prior *Kluger* opinion, Section 1224 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1224 provides that any copies of records certified under the seal of the Department, by its duly authorized agent, shall be acceptable as evidence in the courts of this Commonwealth with the same force and effect as the originals. As we read that statutory section, it would be entirely appropriate for the Commonwealth to utilize any means of reproduction (e.g., photocopy, typed or even hand-written), and so long as the certified copy is proper on its face, such reproduction must be accepted by the courts with the same force and effect as the original. For instance, if the Bureau in this case had typed a copy of the conviction report, and had merely typed the word "SEAL" to the left of the Magistrate's signature, if duly certified to be a true and correct copy, such a reproduction would be acceptable. In other words, so long as the conviction report sets forth all of the necessary elements, such as the signature and seal, and was duly certified, the Commonwealth has met its burden. In this case, as we have already noted, the word "SEAL" together with its two circles, was plainly shown on the photocopy, and therefore the conviction record was not patently defective.

We therefore reiterate what we said in our prior opinion and reverse the order of the court below, and therefore

## ORDER

AND NOW, this 26th day of March, 1974, it is hereby ordered that the suspension of the motor vehicle operator's license of Jack R. Kluger for a period of six months by the Secretary of the Department of Transportation is reinstated.