446 A.2d 1350

**COMMONWEALTH of Pennsylvania**

v.

**Martin Lee MICHAEL, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1981.

Filed June 18, 1982.

Gibson Smith, York, for appellant.

Theodore B. Smith, III, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

BECK, Judge:

Appellant was charged with violation of the Vehicle Code, *as amended*, 75 Pa.C.S.A. § 101 *et seq.*, when a Police Officer observed him driving a heavily laden dump-truck

which bore a registration sticker appropriate for a small pick-up truck. The Officer, trained in the State Police Course in weights and measures, directed appellant to proceed to a nearby weighing station of a feed plant and to drive the truck onto the scale. An employee of the plant activated the automatic scale equipment which produced both a digital read out and a ticket stamped with the weight. The results indicated the truck weighed 25,640 pounds, 14,460 more than the 11,000 pounds for which it was registered.

Appellant was issued two citations for, and subsequently convicted of, violation of the Vehicle Code, Section 4942(a), [overweight], 75 Pa.C.S.A. § 4942(a), and Section 1304(e) [improper inspection], 75 Pa.C.S.A. § 1304(e). These citations bore the address and number of the magisterial district in which they would be filed, but did not contain the name of the district magistrate. At the time of the incident, the elected district magistrate was under suspension and another district magistrate had been assigned temporarily.

Appellant contends that the citations were fatally defective on the ground that they did not contain the name of the district magistrate.

In support of this contention appellant cites, Pa.R.Crim.P. 53(a) "provides for the form of the citation (under notice):

The Original copy of this citation will be filed before the issuing authority whose name and address is listed above."

However, Pa.R.Crim.P. 52 A.2. provides with respect to citations: "The copy delivered to the Defendant shall contain notice . . . that the original copy of the citation will be filed before the issuing authority of the magisterial district named in the citation, whose address shall be contained in the citation. . ." Rule 52 A.2. does not require that the specific name of the district justice appear on the citation, but only that the Defendant's copy contain the magisterial district and address.

Further, Pa.R.Crim.P. 52 B. states:

Additional information may be contained in a citation to assist a police organization issuing the citation or the issuing authority with whom it is filed in the performance of their respective functions. Failure of any person to make and complete such additional information shall not affect the validity of the citation or a prosecution commenced thereby.

In the instant case, appellant's rights were not prejudiced. He knew where and when he must appear, and what steps to take properly to respond to the charges. It is not a statutory requirement that the name of the district justice appear on the citation.

Therefore, Sections 52 A.2. and 53(a) read together compel the conclusion that the name of the issuing authority falls within the category of additional information, and its absence does not render the citations invalid.

■ Secondly, the appellant argues that the convictions should not stand as the weighing of the truck was conducted or participated in by a person not qualified under Section 4981(a) of the Vehicle Code, 75 Pa.C.S.A. § 4981(a), provides:

Any police officer is authorized to require the driver of any vehicle or combination to stop and submit the vehicle or combination to be measured and weighed. Weighing may be done by using either portable or stationary scales. The measurements and weighing shall be conducted by qualified personnel who have been trained in the use of weighing and measuring equipment in a training program approved by the Department of Agriculture.

The employee of the plant in which the scales were located and who activated the mechanism had not completed a training course approved by the Department of Agriculture.

However, the Police Officer was fully qualified under the Vehicle Code, and it was he who directed the truck driver to proceed to the weigh station, supervised the process and recorded the result.

The purpose of the training requirement in Section 4981 is to insure accurate weighing, which when portable scales are used require specific skills and training.

In the instant case, the weighing was a fully automatic process performed on a permanent scale and conducted by an experienced employee together with a qualified police officer. There is no reason to think that the weighing was inaccurate, or that it was inconsistent with the intention of Section 4981.

The opinion of the lower court is affirmed.