## Commonwealth v. Mulholland

*William A. Meehan,* Assistant District Attorney, for the Commonwealth.

*Clarence D. Bell, Jr.,* for defendant.

BLOOM, *J.,* July 27, 1982—The matter presently before this court arises from an appeal filed by defendant, Marshall H. Mulholland, of four convictions before the District Justice, Henry J. Silva. The citations were issued on February 11, 1982 in Aston Township for violations of Vehicle Code Sections: 3301 (a) failure to drive on right and causing an accident; 3714, operating a motor vehicle with reckless disregard for safety of persons or property; 3743 (a), failure to stop and provide required information at accident in which he was involved. On June 21, 1982, a hearing was held before this court pursuant to defendant's summary appeal. The basis of defendant's appeal relies on two premises: One, that the four citations contained substantial fatal defects; and two, that defendant made statements to the police in violation of his constitutional rights.

On the first point, defendant alleges that the citations were defective because the police department was not identified by name on any of the four citations complained of and also because the district justice did not personally sign the citations but rather permitted his secretary to affix his signature on the citations with the use of a rubber stamp. We find both of these contentions to be without merit.

A careful study of the interplay of Pa.R.Crim.P. 52 and 150 reveals that the officer's failure to insert the name and address of the police organization was not a substantive defect. The purpose behind the inclusion of the required averments on a citation is to provide defendant with sufficient notice of the charges being filed against him and of the issuing authority to whom to respond. Comm. v. Martin Lee Michael, 301 Pa. Super. 92, 446, A.2d 1350 (1982). On each of the citations the issuing authority as designated was the Regional Court 32-1-19 of District Justice Silva instead of the Aston Township Po-

lice Department. This was sufficient to satisfy the purpose behind Rule 53 in conjunction with Rule 150. Comm. v. Michael, supra.

The same is true of the rubber stamped signature of Judge Silva's name on the citations. This issue of whether a certification must be signed manually or by someone in his own behalf as opposed to a signature made with a rubber stamp is of long impression before the Courts of Pennsylvania. Robb v. Pennsylvania Co., 186 Pa. 456, 40 A.969, 41 A.49 (1898); National Union Bank v. Shearer, 225 Pa. 470, 74 A.351 (1909); Tomilio v. Pisco, 123 Pa. Super. 423, 187 A.86 (1936); Comm. v. Walkinshaw, 373 Pa. 419, 96 A.2d 384 (1953); Fabrizi v. Bureau of Traffic Safety, 10 Pa. Commw. 83, 308 A.2d 167 (1973); Comm. v. Finotti, 9 Pa. Commw. 538, 308 A.2d 198 (1973); Epps v. Commw., 11 Pa. Commw. 544, 314 A.2d 884 (1974). It seems quite clear that the stamped facsimile of the signature of the district justice on each of the four citations was obviously intended to be recognized as his signature as authorized for use by his secretary. Consequently, the defendant's rights were in no way prejudiced. The purpose of the signature is only to show when and to whom to respond for the violations, not to signify a reasoned review for purposes of prosecution as in the case of Commonwealth v. Emanuel (signature on criminal information). Id., 285 Pa. Super. 594, 428 A.2d 204 (1981). Absent a showing by defendant that the district justice did not intend it to be his signature, the mark then made by his secretary constitutes a valid signature.

Defendant's second point is an attempt to raise a Fifth Amendment defense under the U. S. Constitution in order to exclude his statements made to the police concerning the accident. Defendant is merely attempting to cloud the issues before this

court in order to delay a prompt revocation of the operator's license. Defendant's complaint is without merit. The information obtained by the investigating officer from defendant was necessary as required under Sec. 3744 (a-b) of the Pennsylvania Vehicle Code.

Therefore, we enter the following

## ORDER

And now, this July 27, 1982, after presentation of testimony and briefs submitted by respective counsel, it is hereby ordered and decreed that:

1. The appeal of defendant is dismissed.

2. Defendant is directed to appear before this court for sentencing on Wednesday, August 11, 1982 at 9:30 am, in the Courthouse, Media, Delaware County, Pa.