## Commonwealth Dept. of Transportation v. Faust

*J. Matthew Wolfe*, Assistant Counsel, Department of Transportation, for the Commonwealth.
*Paul R. Ober,* for the defendant.

ESHELMAN, *J.,* January 25, 1984 — This case came before the court on an appeal[1] of an order of the Department of Transportation (hereinafter Department) suspending defendant's operating privileges pursuant to Section 1532(b)(1) of the Vehicle Code, which mandates the suspension of the operating privileges of one who is convicted of driving while under the influence of alcohol or a controlled

---

1. 1976, June 17, P.L. 162, No. 81, §1, eff. July 1, 1977; 75 Pa. C.S.A. §1532(b)(1) Now, as amended 1982, December 15, P.L. 1268, No. 289 §2; 75 Pa. C.S.A. §1532(b)(3).

substance.[2] A colloquy was conducted before this court in lieu of a hearing on June 28, 1983.

## FINDINGS OF FACT

1. Defendant, Alan John Faust, resides at Golf Road, R.D. 1, Reinholds, Berks County, Pa.

2. On November 15, 1982, defendant was charged with violating Section 3731 of the Vehicle Code, which prohibits driving a motor vehicle while under the influence of alcohol or controlled substance.

3. The violation occurred in Lehigh County.

4. A hearing was held on December 14, 1982, at which time the defendant pleaded guilty and was convicted of violating Section 3731 of the Vehicle Code.[3]

5. On December 29, 1982, the Department of Transportation mailed the official notice of suspension to defendant as a result of the conviction.

6. On January 25, 1983, defendant filed a timely appeal from the Department's order of suspension.[4]

7. On June 28, 1983, the Commonwealth presented three documents evidencing the defendant's conviction.[5] The documents were certified with signature and seal, by the Director of the Bureau of Traffic Safety Operations, the legal custodian of Traffic Safety records of the Pennsylvania Depart-

---

2. 75 Pa. C.S.A. §3731.

3. 75 Pa. C.S.A. §3731.

4. 42 Pa. C.S.A. §§5571, 5572.

5. (a) Official Notice of Suspension;

    (b) Report of the Clerk of Court, Lehigh County, No. C-609 of 1982;

    (c) Driving Record of defendant in the Bureau of Traffic Safety.

ment of Transportation, as full, true and correct photostatic copies. The Secretary of Transportation also certified, with signature and seal, that John A. Pachuta, as Director of the Bureau of Traffic Safety Operations, had legal custody of the records.[6]

## DISCUSSION

In an administrative proceeding reviewing suspension of the privileges of operating a motor vehicle for violation of traffic laws of the Commonwealth, the Court of Common Pleas inquiry is limited to determining whether the motorist has, in fact, been convicted of a traffic violation and whether the Bureau of Traffic Safety has faithfully observed the provisions of the vehicle code in suspending the operator's driving privileges; the court may not consider the question of whether the motorist should have been convicted. Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Schmidt, 57 Pa. Commw. 378, 426 A.2d 1222 (1981). See also Virnelson Motor Vehicle Operator's License case, 212 Pa. Super. 359, 243 A.2d 464 (1968). Instantly two issues have been raised by the defendant, the first challenging the constitutionality of the suspension of defendant's operating privileges, and the second questioning the certification of the documents presented to this court by the Commonwealth.[7] We will limit our inquiry to these issues.

Defendant claims that had the violation occurred in virtually any county other than Lehigh County he would have been eligible for an Accelerated Reha-

---

6. Documents were certified in accordance with 42 §6103(a).

7. See footnote 6.

bilitative Disposition (ARD) program and would not have had his operating privileges suspended. As such, defendant states he was denied due process and equal protection of the laws under both Constitutions of the United States and the Commonwealth of Pennsylvania when his driving privileges were suspended by the Department of Transportation. We disagree.

In the factually similar case of Sutherland v. Commonwealth of Pennsylvania, 45 Pa. Commw. 490, 407 A.2d 1364, 1366 (1979), the Commonwealth Court stated that: "the availability of an ARD to an offender is entirely unrelated to the mandatory provisions of the code governing the revocation of operating privileges. Moreover, it has already been determined that even if appellant had been prosecuted in a county which had an ARD program, he would have had no constitutional right to participate in it. Commonwealth v. Kindness, 247 Pa. Super. 99, 371 A.2d 1346 (1977). . . .we conclude that all persons who are convicted of, or plead guilty to, the charge of operating under the influence of intoxicating liquor are treated the same by the Secretary with respect to the revocation of their operating privileges, and therefore appellant's right to equal protection under the law has not been violated."

See also Freed v. Commonwealth of Pennsylvania, 48 Pa. Commw. 178, 409 A.2d 1185 (1979). For the aforementioned reason it is clear that defendant's constitutional rights have not been violated.

At the denovo hearing held on June 28, 1983, defendant objected to the certification of Department of Transportation (hereinafter Department) records sought to be introduced into evidence by the Commonwealth. Defendant put forth two grounds for his position. First, defendant objected to the manner in which the Commonwealth obtained the certi-

fication of the records from the Department; and second, he opposed the facsimile signatures which appear on the face of certification.

Defendant contends that the Commonwealth did not comply with the requirements of 42 Pa. C.S.A. §6103(a), which dictates the proof necessary to introduce an official record into evidence. Section 6103(a) provides in part: "An official record kept within this Commonwealth by . . . . , government unit, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having legal custody of the record, or by his deputy and accompanied by a certificate that the officer has the custody. The certificate may be made by a public officer having a seal of office and having official duties with respect to the government unit in which the record is kept, authenticated by the seal of his office . . ." This court is of the opinion that the Commonwealth has fully complied with Section 6103(a). Official records, in the form of photostatic copies, were sent by the Department to its agent, counsel for the Commonwealth.[8] The records were forwarded by the Director, who is the legal custodian of the records, with a certification that the records were full, true and correct photostatic copies. Accompanying the records was a certification by the Secretary which attested to the fact that the Director was indeed the legal custodian of the records.[9] Both certifications were authenticated by the seal of the Department. The records remained in the possession of counsel for the Commonwealth

8. J. Matthew Wolfe, Esq., counsel for the Commonwealth, is assistant counsel for the Department of Transportation, and therefore an agent of the Department.

9. Records were forwarded in February of 1983.

from the moment it was discovered that the requisite signatures were missing until the new certification sheet was forwarded by the Department.

This court recognizes that the Department was aware, at all times, of the photostatic copies it prepared and certified in February and forwarded to counsel. Therefore, when the error in certification was discovered, the Department simply executed a proper certification for the records it previously sent to counsel. The court finds no fault with the sequence of certification due to the fact that the records remained in the possession of an agent of the Department from the time the defect was discovered until the hearing on June 28, 1983.

Similarly, the court finds no problem with the facsimile signatures of the Secretary and Director appearing on the face of the certification to which the defendant objects. The facsimile signatures are accompanied by the seal of the Department.[10] In a case involving the same issue, i.e., whether the records in question were properly certified when the signature of the Secretary and that of his agent, the Director, was not manually signed but rather a stamped facsimile, the Commonwealth Court stated: "[I]t seemed quite clear to this Court that the stamped facsimile, or photostatic copy of the signature of the Secretary on Exhibits A and C, and of his agent, the Director of Bureau Traffic Safety, on Exhibit B, was obviously intended to be the signature of the person whose name was used. The manual application of the seal quite clearly indicates individual attention which is certainly of equal dignity to a manual signature." Commonwealth, Department of Transportation, Bureau of Traffic Safety, v. Finotti, 9 Pa. Commw. 538, 308 A.2d 198, 199

---

10. In accordance with 42 Pa. C.S.A. §6103.

(1973). The Commonwealth Court cited as support for its decision the Superior Court case of Tomilio v. Pisco et al., 123 Pa. Super. 423, 187 A.2d 86 (1936) which discussed the general law that ". . . a person can adopt as his signature anything which he cares to identify as such, so long as there is an intent that it be his signature." Finotti, supra at 199. The court concluded in Finotti that records containing certification with a facsimile signature under seal of the Department were proper. See also Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Mitchneck, 25 Pa. Commw. 145, 360 A.2d 831 (1976). For the aforementioned reasons this court finds that the facsimile signatures of the Secretary and Director were intended by them to be their signatures. Furthermore, the court finds that the facsimile signatures under the seal of the Department constitute proper certification and the certified records are therefore admissible.

Given the finding that the Commonwealth's exhibits[11] were properly certified, it is our opinion that the defendant was convicted of violating Section 3731 of the Vehicle Code and the suspension of his operating privileges was therefore proper.

## CONCLUSIONS OF LAW

(1) The Commonwealth's exhibits were properly certified in accordance with 42 Pa. C.S.A. §6103.

(2) Defendant was convicted of a violation of section 3731 of the Vehicle Code.

(3) Suspension of defendant's operating privileges was proper and not a violation of his constitutional rights.

------

11. Supra, footnote 6.

## ORDER

And now, this January 24, 1984, it is ordered that defendant's appeal from the suspension of his operating privileges is hereby dismissed.