Roosevelt White, Jr., Appellant *v.* Commonwealth
of Pennsylvania, Appellee.

Submitted on briefs May 11, 1983, to President
Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and
BARBIERI, sitting as a panel of three.

*Wendell G. Freeland,* for appellant.

*Harold H. Cramer,* Assistant Attorney General,
for appellee.

OPINION BY JUDGE WILLIAMS, JR., February 6, 1984:
Roosevelt White, Jr. appeals an order of the Court
of Common Pleas of Allegheny County dismissing his

appeal from the suspension of his motor vehicle operator's license by the Department of Transportation, Bureau of Traffic Safety pursuant to Section 1539 (a)[1] of the Vehicle Code.

In reviewing a decision of a common pleas court in a license suspension case, we are limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

The sole question presented here is whether the common pleas court acted properly in dismissing White's appeal subsequent to its order remanding the matter for a departmental hearing where such a hearing had not been held.

While it is true that the record of this case does not disclose that a departmental hearing was held pursuant to the remand order, we cannot conclude that the court acted improperly in dismissing the appeal. This is so because in its October 5, 1979 remand order, the court also continued the case before it, thereby retaining jurisdiction over the matter.[2] Furthermore, prior to the issuance of its dismissal order,

---

[1] Section 1539(a), 75 Pa. C. S. §1539(a), provides in pertinent part:

> When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person. . . .

White's point accumulation reached 11 as the result of a conviction for a stop sign violation for which he received 3 points.

[2] The remand order reads as follows:

> AND NOW, this 5th day of October, 1979 the above appeal having come on for hearing, upon consideration thereof, *it is hereby ORDERED that this case is continued* and the matter is remanded for a departmental hearing. (Emphasis added.)

the court afforded White a *de novo* hearing in which he participated and, as this Court has held, such a hearing cures any procedural due process defects which might have been caused by the lack of an administrative hearing in license suspension cases. *Elias Appeal,* 70 Pa. Commonwealth Ct. 404, 453 A.2d 372 (1982); *Commonwealth v. Grindlinger,* 7 Pa. Commonwealth Ct. 347, 300 A.2d 95 (1973). Accordingly, the order of the Court of Common Pleas of Allegheny County must be affirmed.

#### ORDER

AND Now, this 6th day of February, 1984, the order of the Court of Common Pleas of Allegheny County, dated July 22, 1980, is hereby affirmed.