Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Samuel W. Off, Appellee.

Submitted on briefs March 12, 1984, to Judges Williams, Jr., Craig and Colins, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*James R. Silvis,* for appellee.

OPINION BY JUDGE CRAIG, April 16, 1984:

The Pennsylvania Department of Transportation appeals a decision of the Court of Common Pleas of Westmoreland County, which sustained Samuel Off's appeal from DOT's suspension of his driving privileges. Before a district justice, Off had been convicted of overtaking a school bus, a violation of 75 Pa. C. S. §3345. After receiving the district justice's report, including the original citation and conviction report, DOT notified Off that, pursuant to 75 Pa. C. S. §1535, it was suspending his operating privileges for 30 days.

On appeal, the trial court vacated the suspension, concluding that the record lacked competent proof of the conviction because no seal of the district justice was visible on the copy of the citation and conviction report offered by DOT.

DOT argues that the trial court's ruling was erroneous because the copy was admissible under 42 Pa. C. S. §6104(b), which provides that a properly authenticated copy is admissible absent some indication of untrustworthiness. The trial court's view was that the absence of a visible district justice seal created a doubt about the trustworthiness of the copy.

The director of DOT's Bureau of Traffic, having custody of the records, had certified the copy under his seal, and his certificate specifically noted that the district justice's seal did appear on the original; thus, implicitly recognizing that the seal might not be apparent on the copy, his certificate confirmed that the district justice's record was a duly sealed one. In

essence, the effect of the director's certificate here was no different than the representation of the seal which appeared on the photocopy in *Department of Transportation, Bureau of Traffic Safety v. Kluger,* 12 Pa. Commonwealth Ct. 460, 317 A.2d 686 (1974). Hence, the absence of a discernible seal on the copy did not create such a question of authenticity that the trial court could reject the document.

Accordingly, we reverse and remand for consideration of the merits of the petition for appeal, with the record of conviction admitted.

### ORDER

Now, April 16, 1984, the order of the Court of Common Pleas of Westmoreland County, No. 2182 of 1982, dated December 19, 1982, is reversed, and the case is remanded for consideration of the merits of Off's petition for appeal.

Jurisdiction relinquished.