## Green v. PennDOT

*Michael R. Muth,* for petitioner.
*John V. Roinsky, deputy attorney general,* for the commonwealth.

O'BRIEN, *J.,* April 20, 1987—

### FINDINGS OF FACT

(1) On June 20, 1986, petitioner was cited for driving a motor vehicle while his license was suspended in violation of 75 Pa.C.S. §1543.

(2) On June 26, 1986, petitioner appeared at the magistrate's office and entered into an agreement to pay the fine in installments and in fact made installment payments on account of the fine imposed for the violation of the motor vehicle code.

(3) On January 20, 1987, the Department of Transportation of the commonwealth of Pennsylvania notified petitioner that his driving privileges would be revoked for a period of six months because of his violation of section 1543 of the Motor Vehicle Code.

### DISCUSSION

The issue in this license suspension appeal is whether or not the commonwealth has presented

competent evidence of petitioner's "conviction" so as to justify the revocation of his operating privileges. Counsel for petitioner argues that the failure of District Magistrate Clara Pope to properly execute documents evidencing a plea of guilty to the motor vehicle charge precludes a finding of "conviction" so as to justify a suspension. Counsel for petitioner relies upon the decision in *Epps v. Commonwealth Department of Transportation,* 11 Pa. Commw. 544, 314 A.2d 884 (1974), in which the court held that the magistrate's signature is essential to the certification of the record of conviction forwarded to the secretary of transportation. Indeed in this case the magistrate did not execute the certification of the record. However, the instant case is distinguishable from *Epps,* supra. In *Epps,* the court noted that, "significantly in this case, the accused operator did not admit that he paid the fine and costs." In the instant case, petitioner testified that he entered into an agreement to pay the fine in installments and did make payments as an implementation of that agreement.

In *Commonwealth Department of Transportation v. Adams,* 53 Pa. Commw. 636, 419 A.2d 233 (1980), the Commonwealth Court relying upon the provisions of 75 Pa.C.S. §6501 held that the payment of a fine constitutes a plea of guilty, and therefore a conviction so as to justify a suspension or revocation of operating privileges for a violation of the motor vehicle code. Therefore, the evidence presented to this court at hearing established a conviction justifying the revocation of operating privileges ordered in this case.

## CONCLUSIONS OF LAW

(1) Petitioner was convicted of a violation of section 1543 of the Motor Vehicle Code.

(2) The revocation of operating privileges for a period of six months is mandatory by statute.

## ORDER

And now, this April 20, 1987, the appeal of Richard H. Greene from the order of the Department of Transportation of the commonwealth of Pennsylvania revoking his driving privileges for a period of six months is dismissed and the supersedeas heretofore entered is terminated.